THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LORETTA THOMPSON, Defendant.

PHILIP A. BRENNAN, an Attorney, Appellant.

Second Department, May 18, 1923.

Attorney and client — assignment of counsel under Code of Criminal Procedure, § 308, to defend person charged with manslaughter — appellant was retained as counsel on first trial but discontinued relationship after disagreement with defendant — improper to assign appellant for second trial.

While it is the duty of the court before whom a person charged with crime is brought for trial to assign counsel as provided by section 308 of the Code of Criminal Procedure and while it is the duty of the attorney assigned to undertake the defense of the person accused without compensation, it was improper in this case for the court to assign the appellant as counsel for the defendant for her second trial on a charge of manslaughter since it appeared that the appellant, who had been retained by the defendant for the first trial, discontinued his services after the close of the trial and after a dispute arose as to the payment therefor, and that the appellant and defendant were not in accord with each other over the defense of the case.

APPEAL by Philip A. Brennan, attorney, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 30th day of April, 1923, assigning him as counsel to defend the defendant, Loretta Thompson, upon her trial under an indictment for manslaughter in the first degree.

*Philip A. Brennan* in person [*Frederick S. Lyke* with him on the brief], for the appellant.

RICH, J.:

As the question of appealability is not raised, we have decided to entertain the appeal in this case without deciding, however, that such an appeal will lie.

The defendant was, on March 3, 1923, indicted for the crime of manslaughter in the first degree. She retained the appellant to defend her and after a trial lasting five days the jury failed to agree and they were discharged. The appellant was not paid for his services, and as a result a misunderstanding arose and the appellant declined to continue to act as her counsel. Some time later a retrial of the indictment was moved and the defendant not having engaged other counsel and being without counsel to represent her, the learned justice presiding assigned the appellant and directed him to act for her, and from that order this appeal is taken.

Where a person charged with crime is unable to procure counsel, it is the duty of the court before whom he is brought to assign counsel (Code Crim. Proc. § 308), and it is likewise the duty of the attorney assigned to undertake the defense of the person accused without compensation. We believe it to be the duty of the court in such a case to select counsel fit and competent to undertake the task assigned to him, but in doing this the court ought to have in mind that the same relation of trust and confidence exists between the accused and the counsel as is expected between an accused and counsel acting under a retainer.

It is the duty of counsel to comply with orders designating him to act for unfortunates whenever his previously arranged professional engagements will permit, but there are exceptions to this rule, and the present appeal presents one.

It seems that a promise made in behalf of the accused to pay appellant for his services upon the former trial has not been kept. The appellant contends that this is not because of inability on the part of the promisor to pay the agreed compensation. It appears that he has spent more than fifty days on behalf of defendant in various matters. He complains of her lack of co-operation in procuring minutes of the former trial and of her ingratitude for

what he has already done in her behalf. There is discord between defendant and the appellant, he is out of sympathy with her defense, and claims that he could not in good conscience undertake to defend her.

Under the circumstances we are of the opinion that the assignment of appellant to represent the defendant and act for her on the trial was not well advised.

The order should, therefore, be reversed.

KELLY, P. J., JAYCOX, MANNING and KAPPER, JJ., concur.

Order reversed upon the law and the facts, without costs.