O’NIELL, O. J.
 

 The appellant stands convicted of murder and sentenced to be hanged. He is a colored man. The victim of the homicide was a white man, a police officer.
 

 When the defendant was brought into court to be arraigned he was not represented by counsel, and had no money with which to employ counsel. The judge, therefore, appointed a member of the bar to defend the accused. The attorney so appointed announced to the judge, in open court, “that because of his [the attorney’s] friendship for the deceased he was prejudiced against the accused and not able to properly defend him.” The judge reminded the attorney that it was necessary that the accused should be assisted by counsel, and stated that it was his duty as a lawyer to accept the appointment, “and the court ordered him to defend the accused.” We have stated the proceedings exactly as they are recorded in the minutes of the court, quoting literally the most important parts of the record.
 

 On the morning of the day fixed for the trial, which was eighteen days after the arraignment and the assignment of the case for trial, the attorney appointed to defend the accused filed a motion for a continuance, on the ground that he had not had time to prepare for the trial, and filed also a motion for a change of venue, alleging that public sentiment and prejudice against the accused were so strong and so general throughout the parish in which the homicide was committed that it would not be possible for the accused to obtain a fair and impartial trial in that parish. The motion for a change of venue was in the form of a rule on the district attorney to show cause, on a day to be fixed by the judge, why the change of venue should not be granted. The district attorney offered,to take up the motion at once and dispose of it; but the attorney for the defendant objected on the ground that he should have time to summon witnesses to prove the facts alleged in his motion. The judge overruled the motion for a continuance, on the ground that the attorney appointed to defend the accused had had ample time to prepare for the trial; and, without allowing time for the hearing of evidence on the motion for a change of venue, the judge overruled that motion also on the ground that it came too late and was, obviously, intended merely to delay the trial. Bills of exception were reserved to the rulings. In his statements per curiam, the judge says that the attorney appointed to defend the accused could not maintain that he had just discovered the alleged prejudice, because, if there was such a prejudice against the accused, it must have been more apparent immediately after the homicide than later. The judge recalls, also in his per curiam, that, when the attorney was appointed to defend the accused, “he sought to be excused from the assignment because of an alleged prejudice against the accused, a prejudice which he stated he shared.”
 

 
 *1077
 
 There is no occasion here to criticize the attorney for objecting to being appointed to defend the accused. If, because of the friendly relations which ha,d existed between the attorney and the officer who was killed, the attorney thought that he should not have the responsibility of defending the man accused of the killing, or if the attorney was, as he said, so prejudiced against the accused that he feared that he could not do justice to the task of defending him, it was the attorney’s duty to so inform the court. The right, given in the Bill of Rights, to every person accused of crime, “to have the assistance of counsel,” in defending himself, is not afforded by the judge’s appointing, to defend the accused, an attorney who protests that he is so prejudiced against the party accused that he cannot properly defend him. People v. Thompson, 205 App. Div. 581, 199 N. Y. S. 868; People v. Bopp, 279 Ill. 184, 116 N. E. 679. We have no reason to assume that the attorney’s declaration, to that effect, in this instance, was made merely for the purpose of evading a duty, or was not true. Attorneys at law are, in a sense, officers of the court, and are under oath; and, when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath.
 

 It is true that no bill of exception was taken to the order of the judge appointing the attorney to defend the accused; but the reason for that, obviously, is that there was no one to take a bill of exception, except the attorney himself, who had just declared that he was so prejudiced against the accused that he could not properly defend him. The attorney did reserve a bill of exception to the overruling of his ’motion for a change of venue, and for time in which to produce evidence in support of the motion for a change of venue. If that motion did not come too late, the defendant should have had an opportunity to offer evidence in support of it. If it did come too late, because of laches on the part of the attorney who prepared it, the defendant should not be held responsible for such laches on the part of an attorney who had expressed the fear of being so prejudiced as to be unable properly to defend the man. We believe that the attorney did defend the accused according to the best of his ability; but, considering the attorney’s admissions to the judge, we are of the opinion that the accused should not have been made answerable for any supposed laches on the part of the attorney. Eor this reason we are constrained to set aside the verdict and sentence, and to remand the case for a new trial, after another attorney shall have been appointed to defend the accused.
 

 Bill of exceptions No. 3 has reference to the overruling of a challenge of a juror for cause. Our opinion is that the juror was qualified, but that is a matter of no importance now.
 

 Bills No. 4, No. 5, and No. 6 have reference to the defendant’s objection to the introduction of evidence that he had participated in a robbery just before the homicide, and that the officer was about to arrest him and a companion when he (the accused), shot the officer. His defense was that he shot the officer in self-defense, not knowing that he was an officer, and believing that he was a highwayman. The main question before the jury, therefore, was the question of motive for the killing; that is, whether the killing was done in self-defense or in resistance of an arrest. The evidence that the accused had participated in a robbery, and that the officer was attempting to arrest him for the crime, was rele
 
 *1079
 
 vant to the question of motive of the accused in killing the officer, and was therefore admissible. On the trial of a person accused of crime, evidence that he committed another crime is very prejudicial, and is not admissible unless it is relevant to some issue in the case on trial; but, if such evidence is relevant to an issue in the case on trial, the fact that it is very prejudicial to the defendant does not, of itself, make the evidence inadmissible. '
 

 Bill of exception No. 7 has reference to . the overruling of an objection to the introduction of a confession in evidence. The objection stated was that the confession was induced by promises and fear. The evidence of the circumstances under which the confession was made showed that it was a free and voluntary confession. If the evidence to be heard in another trial shows that the confession was not a free and voluntary confession, it will not be admissible in evidence.
 

 Bill of exception No. 8 has reference to • the refusal of the judge to give the jury a special charge, requested by the attorney for the defendant, on the law of self-defense. The judge refused to give the special charge because he had given the substance of it in his general charge to the jury. There was no error in that respect.
 

 Bill of exception No. 9 was reserved to the overruling of a motion for a new trial, which motion was merely a reiteration of the complaints made in the other bills of exception.
 

 The verdict and sentence appealed from are annulled, and the case is ordered remanded to the district court for a new trial, to be had after the judge shall have appointed another attorney at law to defend the accused, and shall have given him an opportunity to submit evidence on the motion for a change of venue.
 

 OVERTON, J., dissents and hands down' reasons.
 

 BRUNOT, J., dissents for the reasons assigned by Justice OVERTON and for the additional reason that there is no error patent on the face of the record.