THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL ST. JOHN, Appellant.— Appeal from an order of the Supreme Court, Essex County, dismissing a writ of error *coram nobis*. A writ of *coram nobis* was directed to the question whether defendant on arraignment after indictment for a felony had been advised by the court of his right to counsel. An issue of fact arose and this court on a previous appeal ordered a trial of that issue rather than a summary disposition on papers. When the hearing was held defendant asked the court to assign counsel and this the court declined to do. The court after hearing the proof dismissed the writ. The "time of arraignment" is the point at which the court "must assign counsel" under the statutory mandate (Code Crim. Pro., § 308), but there can be little doubt that this point is regarded as merely the initial one, and that it is the purpose of the statute to see to it that the accused has the aid of counsel, if he wants that aid, throughout the criminal action. The basic statutory right is fixed in general terms in section 8 of the Code of Criminal Procedure as entitling the accused to defend "with counsel", and while the phrase "aid of counsel in every stage of the proceedings" in section 188 refers to the preliminary examination before a magistrate, still the traditional feeling in this matter and the spirit of the law is that the right of counsel is to be preserved carefully throughout the criminal action. The power of assignment of counsel has always been regarded as inherent (*People* v. *Price*, 262 N. Y. 410, 412) and it is the "duty" of the court to select "counsel fit and competent". (*People* v. *Thompson*, 205 App. Div. 581.) Since the proceeding in *coram nobis* is a part of the original criminal action the court should have assigned counsel at appellant's request where a triable issue of fact existed. We do not reach the merits of the application. Order reversed, on the law and facts, and application remitted to the Special Term for assignment of counsel for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

■

In the Matter of ANONYMOUS, Appellant.— Appeal from a judgment of the Children's Court of Chenango County, dated February 7, 1953, adjudging a child under the age of sixteen years to be delinquent, and committing him to the State Agricultural and Industrial School at Industry. A boy, thirteen years of age, has been adjudged a juvenile delinquent because of participating in thefts which would amount to burglary in the third degree if committed by an adult. At a hearing attended by the boy and his parents, the offenses were admitted. The Children's Court contemplates informal hearings, and we regard the adjudication that the child was a juvenile delinquent as properly made, and in that respect the judgment should be affirmed. While we are reluctant to interfere with the judgment of a local judge of a Children's Court, we feel that the rehabilitation of this boy will be better served under parental guidance than under institutional care. Concededly, the boy comes from a good home and has intelligent and respectable parents who are deeply concerned about his welfare. Because of the extreme youth of the offender and the conceded good home environment, we think both the boy and his parents are entitled to one more opportunity for his natural development. Judgment modified by directing that the infant delinquent be placed in the custody of his parents for the purposes of control and rehabilitation subject to such probationary direction as the Children's Court may impose, and as so modified, affirmed. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.