MOISE, Justice.
 

 The defendants were convicted of murder and sentenced to be electrocuted. An appeal is taken by them from the judgment of conviction and the sentence of death.
 

 The defendants were jointly charged in the indictment. They were unable to afford counsel, and the Judge appointed an attorney with over five years’ experience to represent both defendants. Three attorneys with less than five years’ experience were appointed by the State to assist senior counsel. Thereupon, after consultation with counsel, defendants filed motions for separate counsel.
 

 Bill of Exception No. 1, filed by Ruby Johnson, alleges that he is individually entitled to an attorney with five years’ experience in the practice of law to represent him, because the charge is capital; that the codefendant, Jasper Brazile, has made statements, now in the possession of the State, which are detrimental and antagonistic and prejudicial to mover, and his interest would be prejudiced to have the same counsel represent Jasper Brazile and mover.
 

 Bill of Exception No. 2 is almost identical with Bill of Exception No. 1, because this is a separate application for separate counsel made by Jasper Brazile, the co-defendant.
 

 Motions for assignment of separate counsel were filed by both defendants before arraignment, and in denying them the trial court cited as authority the case of State v. Dowdy, 217 La. 773, 47 So.2d 496. Bills of Exception Nos. 1 and 2 were, therefore, taken and perfected to the overruling of defendants’ motions for separate counsels, and on this appeal we shall only concern ourselves with those two bills.
 

 Counsel for defendants argues that under the Constitution of the United States and the Constitution and Revised Statutes of the State of Louisiana, where one is charged with a capital offense, “he”, the' accused, is entitled to individual counsel of over five years’ experience at the bar when such accused is unable to hire a private attorney by reason of impecunious circum
 
 *257
 
 stances. Both defendants argue that under the circumstances here interposed they are prejudiced, and in order to avert prejudice or inconsistency of a separate defense, counsel must be granted to each to satisfy the constitutional requirements.
 

 Article I, Section 9, of the Constitution of Louisiana of 1921, reads:
 

 “The accused in every instance shall have the right to be confronted with the witnesses against him; he shall have the right to defend himself, to have the assistance of counsel, and to have compulsory process for obtaining witnesses in his favor. * * * ”
 

 LSA-Revised Statutes 15:142 states:
 

 “The accused in every instance shall have the right to defend himself and to have the assistance of counsel, who shall have free access to him at all reasonable hours.”
 

 LSA-Revised Statutes 15:143 provides:
 

 “Whenever an accused charged with a felony shall make affidavit that he is unable to procure or employ counsel learned in the law, the court before whom he shall be tried, or some judge thereof, shall immediately assign to him such counsel; provided, that if the accused is charged with a capital offense, the court shall assign counsel for his defense of at least five years’ actual experience at the bar.”
 

 This case is capital, and the accused is entitled to counsel under the above-quoted provisions. In reading the Constitutional Articles and the Provisions of the Revised Statutes, we note that the language of the Articles and Revised Statutes of Louisiana is in the singular “he”, granting to the man charged the right to counsel.
 

 The United States Supreme Court, in Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 365, 89 L.Ed. 398, held that in criminal prosecutions for capital offenses, “the right to counsel * * * is * * * protected by the Fourteenth Amendment.”
 

 The Fourteenth Amendment, in part, reads:
 

 “No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.”
 

 These two accused sentenced to death are ignorant and illiterate. There is crimination and recrimination by each. They are naturally dependent, for the perfection of a defense, on their counsel, a man of education and learning. In the case of Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, at page 65, 77 L.Ed. 158, the United States Supreme Court held:
 

 “ * * *
 
 that in a capital case, where the defendant is unable to employ counsel, md is incapable adequately of making his own defense
 
 
 *259
 
 '
 
 because of ignorance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law;
 
 and that duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case. To hold otherwise would be to ignore the fundamental postulate, already adverted to, ‘that there are certain immutable principles of justice which inhere in the very idea of free government which no member of the Union may disregard.’ Holden v. Hardy, supra [169 U.S. 366, 18 S.Ct. 383, 42 L.Ed. 780], In a case such as this, whatever may be the rule in other cases, the right to have counsel appointed, when necessary, is a logical corollary from the constitutional right to be heard by counsel. Compare Carpenter & Sprague v. Dane County, 9 Wis. 274; Dane County v. Smith, 13 Wis. 585, 586, 80 Am.Dec. 754; Hendryx v. State, 130 Ind. 265, 268, 269, 29 N.E. 1131; Cutts v. State, 54 Fla. 21, 23, 45 So. 491; People v. Goldenson, 76 Cal. 328, 344, 19 P. 161; Delk v. State, 99 Ga. 667, 669, 670, 26 S.E. 752.”
 

 The right to counsel is absolute; the question is — Does the naming of joint counsel suffice where there is a confliction of interest and a hardship imposed on the counsel named to act for both?
 

 Defendants’ counsel, in showing a prejudicial conflict of presentation, was asked:
 

 “Q. Wherein do the statements given by these two defendants establish in your mind, a conflict ? A. My opinion that one counsel cannot adequately and properly defend both of these accused jointly
 
 is not based entirely upon the statements which I have read. It is based upon personal interviews with the accused themselves, and from the combination of the statements and the interviews zvhich I have personally had with them.
 
 It is my conclusion that one attorney
 
 cannot properly defend both of these accused either during the trial or during the
 
 argument.” (Italics ours.)
 

 Counsel stated to the Court:
 

 “I seriously feel that I am divulging confidential communication here.”
 

 And he further said:
 

 “Now the District Attorney is attempting to get into the record factual matter which prejudices the accused. They are in the courtroom now and their mental outlook when they see their attorneys divulging this information in response to District Attorney will be
 
 prejudicial
 
 in future discussions with them.” (Italics ours.)
 

 Even though we are only passing on Bills of Exception Nos. 1 and 2, we feel urged'’
 
 *261
 
 to mention that the record further shows a reason well worthy of consideration in determining whether there is a confliction of interests in the legal presentation of the defense. In impaneling the jury for trial, one of the accused exhausted his twelve challenges. The other accused did not exhaust his challenges — there being only eleven taken. The State argues that we should not consider the additional bills because the challenges were not exhausted by one of the accused. This in itself shows a necessity for separate counsel.
 

 In the case of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 467, 86 L.Ed. 680, (See 148 A.L.R. 183) the United States Supreme Court passed on the question of separate counsel and said:
 

 “There is yet another consideration. Glasser wished the benefit of the undivided assistance of counsel of his own choice. We think that such a desire on the part of an accused should be respected.
 
 Irrespective of any conflict of interest the additional burden of representing another party may conceivably impair counsel’s effectiveness.”
 
 (Italics ours.)
 

 This pronouncement should round off and smooth the angle of any difference of opinion.
 

 And then in the same decision, on page 467, 62 S.Ct., the Court had this to say:
 

 “To determine the precise degree of prejudice sustained by Glasser as a result of the court’s appointment of Stewart as counsel for Kretske is at once difficult and unnecessary. The right to have the assistance of counsel is too fundamental and absolute
 
 to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.
 
 Cf. Snyder v. [Commonwealth of] Mass., 291 U.S. 97, 116, 54 S.Ct. 330, 336, 78 L.Ed. 674, 90 A.L.R. 575; Tumey v. [State of] Ohio, 273 U.S. 510, 535, 41 S.Ct. 437, 445, 71 L.Ed. 749, 50 A.L.R. 1243; Patton v. United States, 281 U.S. 276, 292, 50 S.Ct. 253, 256, 74 L.Ed. 854, 70 A. L.R. 263. And see McCandless v. United States, 298 U.S. 342, 347, 56 S.Ct. 764, 766, 80 L.Ed. 1205. Of equal importance with the duty of the court to see that an accused has the assistance of counsel
 
 is its duty to refrain from embarrassing counsel in the defense of an accused by insisting, or indeed, even suggesting that counsel undertake to concurrently represent interests which might diverge from those of his first client, when the possibility of that divergence is brought home to the court.
 
 In conspiracy cases, where the liberal rules of evidence and the wide latitude accorded the prosecution may, and sometimes do, operate unfairly against an individual defendant, it is especially important that he be given the.benefit of the undivided assistance of his counsel
 
 without the
 
 
 *263
 

 court’s becoming a party to encumbering that assistance.
 
 * * * ” (Italics ours.)
 

 The California case of People v. Lanigan, 22 Cal.2d 569, 140 P.2d 24, 28, 148 A.L.R. 176, is almost identical with this case. In that case the Supreme Court of California said:
 

 “Undivided loyalty to the cause of his client is essential to the personal integrity of counsel and to the maintenance of the high standards of the legal profession. Under the circumstances here presented, fidelity to the client who first employed him would have foreclosed Mr. Lavine from voluntarily representing the codefendant. Since voluntary employment in that behalf would have been improper, compulsory representation should not have been imposed. Mr. Lavine was therefore well within his rights in objecting to his appointment as counsel for Lanigan and Giardano was entitled to the undivided assistance of the counsel whom he had employed. As to the defendant Lanigan, he requested but was refused the right to consult counsel as to the important question whether he.would be prejudiced by being represented by counsel for the other defendant.
 
 He was represented by order of court by counsel with whom he had no opportunity to confer.
 
 When the time came for the presentation of their defense Mr. Lavine was confronted with the delicate question whether
 
 to advise them to testify in their own behalf,
 
 for the failure of a defendant ‘to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by the court and by counsel, and may be considered by the court or the jury’. Cal.Const., Art. I, § 13, as amended in 1934. In criminal cases it frequently occurs that circumstances which make it advisable for one dofendant to testify are not present when consideration is given to the question of offering another defendant as a witness.
 
 One may be vulnerable to impeaching questions and the other not. It might be highly desirable that the one not so vulnerable take the witness stand and the other not. If the former should do so and the other not, the circumstance might weigh heavily against the latter in the minds of the jury. A like prejudice might not occur if the defendants were represented by separate counsel. Each of the defendants was entitled to have questions of this nature considered and decided by counsel independently of the interests of the other. And counsel should not be hampered or embarrassed by being compelled to choose one course as against the other because of the action taken by the court."
 
 See Ex parte James, 38 Cal.2d 302, 240 P.2d 596.
 

 
 *265
 
 In the lower court, after motions for separate counsel were overruled, Mr. George M. Foote, senior counsel, stated that as an attorney he would do his best, but that he earnestly believed he should represent one accused and the other defendant should have another counsel. This clearly shows that he was placed in a position beyond his control. Before the bar of this Court he was sincere in stating that he was unable to represent both accused to the degree of efficiency required in a capital criminal case. He argued that he was unable to plead mitigation of one defendant for fear of prejudicing the other.
 

 In the case of State v. Jones, 174 La. 1074, 142 So. 693, 694, the Court passed upon the declaration of counsel as to his inability to serve and said this:
 

 “We have no reason to assume that the attorney’s declaration, to that effect, in this instance, was made merely for the purpose of evading a duty, or was not true.
 
 Attorneys at law are, in a sense, officers of the court, and are under oath; and, when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath.”
 
 (Italics ours.)
 

 In the suit of People v. Bopp, 279 Ill. 184, 116 N.E. 679, 682, the Court said:
 

 “When the attorney stated to the court that his duty to his client by whom he was retained was inconsistent with the duty which the court sought to impose on him his statement should have been accepted.”
 

 “Every defendant who is unable to employ counsel for his defense has a right to have an attorney appointed by the court who can, and will upon the trial, present to the court and jury the defendant’s full defense,
 
 untrammeled by any conflicting interests of a codefendant.”
 
 (Italics ours.) People v. Rose, 348 Ill. 214, 180 N.E. 791, 792.
 

 From the above authorities, we deduce the law to be that in a capital case the accused is entitled to counsel and that a refusal to afford him counsel is a deprivation of due process. United States Constitution, Amendment XIV; Article I, Section 9, Louisiana’s Constitution of 1921.
 

 The above decisions answer the question posed. Under the circumstances presented, individual counsel should have been appointed for each accused. There was error in appointing joint counsel for the two defendants.
 

 The case of State v. Dowdy, 217 La. 773, 47 So.2d 496, cited by the trial judge as authority for overruling the motions for separate counsel, cannot be held as an authority in this case. In the Dowdy case there was joint counsel, but no request was made by either defendant for separate counsel. Therefore, the question, as to whether a refusal to appoint individual counsel where such counsel was requested was a deprivation of due process, was not pre
 
 *267
 
 sented. We cannot read into that decision that which was not raised.
 

 Counsel for the defendants filed a motion for a new trial, which incorporated the points raised in Bills of Exception Nos. 1 and 2. We think that this motion should have been granted. We find that there was prejudice to these defendants in not granting to each of them separate counsel, in that they requested individual counsel and the joint counsel appointed by the court stated that the interests were prejudicial, conflicting and antagonistic and that justice could not be accomplished unless there was separate counsel.
 

 We do not think that the cases cited by the State—Sanders v. U. S., 4 Cir., 183 F.2d 748; Hayman v. U. S.,
 
 9
 
 Cir., 205 F.2d 891; and Noble v. Eicher, 79 U.S.App.D.C. 217, 143 F.2d 1001—are apposite.
 

 The object of a criminal prosecution is not to convict; neither is it to acquit. The real ultimate object is a trial in accordance with the Constitution and laws of the State and of the United States. We must not condemn an accused in haste, but our judicial conscience must always remember that justice can always afford to wait until actual evidence of guilt is heard by due process of law.
 

 The verdict and sentence appealed from are set aside and annulled, and the case is ordered remanded to the district court for a new trial.
 

 FOURNET, C. J., absent.