Johh J. Walsh, J.
In a memorandum dated August 20,1959, this court denied without a hearing a petition in the nature of a writ of error coram nobis (People v. Brandau, 19 Misc 2d 477).
On September 8, defendant petitioner filed a motion for a certified copy of all papers submitted in respect to his original applications for coram nobis for the purpose of a review by the Appellate Division of the denial thereof. In addition, defendant petitioner moves for an order granting him the right of counsel to aid in his appeal from the final order denying his application. Both motions are made as a destitute person, without any funds or legal aid of any kind and it is claimed as a matter of right pursuant to the recent opinion of the Court of Appeals in People v. Pitts (6 N Y 2d 288).
The motion insofar as it pertains to a certified copy of all papers submitted on the application which was denied August 20, 1959 is granted as this has been the customary practice of this court in the past.
Insofar as the motion for the assignment of counsel is concerned, this motion is denied.
*880 Defendant petitioner claims in his moving papers that one of the matters he wishes to have reviewed on appeal is the failure of this court to grant that portion of the application which asked for a hearing and for the assignment of counsel to aid him on the application. The denial of a hearing was based upon the failure of the petition to raise any triable issue of fact requiring a hearing and the failure of the court to assign counsel was based upon the denial of the hearing.
It is only when a hearing is ordered that the court has any duty to assign counsel (People v. St. John, 281 App. Div 1061 [1953]; People v. Jester, 4 A D 2d 841 [1957]).
The case of People v. Pitts (supra) relied upon by defendant petitioner herein does not require this court to assign counsel to him to perfect or aid an appeal to an appellate tribunal. Such application should be made to the appellate court in any event.
In the Pitts case (supra), the defendant therein was seeking to perfect an appeal from a judgment of conviction (not a proceeding in cor am nobis, although the distinction may not change the rule). As a destitute person, he was financially unable to purchase a copy of the minutes of the testimony which totalled some 750 pages (Judiciary Law, § 302). In addition, a stenographic copy of the minutes was not filed free of charge in the County Clerk’s office as required by law (Code Grim. Pro., § 456).
The Court of Appeals held that the assignment of counsel on the appeal was required, not only because he could not physically inspect the trial minutes in the County Clerk’s office due to the fact that he was in jail and there was no statutory or constitutional provision by which the court could make available to a destitute person a copy of the testimony free of charge, but also because only the assignment of counsel for him would make certain that the County Clerk’s copy of the testimony would be properly filed in that office as required by law.
Significantly, the court said (People v. Pitts, 6 N Y 2d 288, 292): “ In order to insure adequate appellate review, without abridging the constitutional rights of penniless defendants, it is not required in every case that the convicted person be assigned counsel for his appeal. Such persons receive the protection guaranteed to them by the Constitution, both State and Federal, when a copy of the trial minutes is made available to them and to the court to which they take their appeal (People v. Breslin, 4 N Y 2d 73).”
*881 Since there are no trial minutes in the instant case and the court is making available to defendant copies of all papers used on the application, an adequate appellate review is insured if defendant perfects his appeal promptly.