THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BERNARD ALI, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID SHAW, Appellant.

Third Department, January 6, 1971.

*Robert W. Zeuner* for appellant in the first above-entitled action.

*Howard A. Levine*, District Attorney (*G. Douglas Griset* of counsel), for respondent in the first above-entitled action.

*Andrew M. Pinckney*, Public Defender (*F. Stanton Ackerman* of counsel), for appellant in the second above-entitled action.

*Arnold W. Proskin*, District Attorney (*James F. Downs* of counsel), for respondent in the second above-entitled action.

## THE ALI CASE

*Per Curiam.* The defendant appeals from an order of the County Court of Schenectady County, which denied without a hearing a *coram nobis* application to vacate a judgment of conviction rendered upon a plea of guilty. In his application defendant contended that he had been unlawfully deprived of his right to appeal from the judgment by reason of his assigned counsel's failure to advise him of such right. In rejecting this contention, the County Court found that because of previous convictions, defendant was aware of and could have protected his rights by filing a notice of appeal had he so desired. On appeal, defendant argues that a defendant's awareness of the right of appeal does not lessen counsel's duty to advise a defendant of that right, or the duty to assist him in taking an appeal upon request. Defendant also contends that he is entitled to a hearing to determine whether his assigned counsel did in fact give him the requisite advice.

In May, 1969 defendant pleaded guilty to feloniously selling a narcotic drug, a felony, and unlawful possession of a hypodermic needle, a misdemeanor. Some weeks later, he was sentenced on the felony count to a term of 7 to 10 years. Shortly thereafter, he applied to the County Court by letter and affidavit in which he alleged that neither before nor after sentence was he advised of his right to appeal. In opposition the People submitted (1) an affidavit in which the attorney who represented defendant at the time of his plea and sentence averred that he had advised defendant of his right to appeal; (2) a letter from the defendant in which he admitted that he knew generally about appeals, but asserted that he was unaware that an appeal could be taken after a plea of guilty; and (3) upon appeal to this court there was submitted by the People a form signed by the defendant at the time of sentencing which bears the notation "NOTE:

Reminder to Defendant or Attorney: Right to file Notice of Appeal ".

Resolving the issue concerning defendant's knowledge of the right to appeal against defendant, the County Court determined that defendant's failure to appeal was not attributable to his attorney's neglect and, accordingly, dismissed the petition without a hearing. On this appeal the People argue that such dismissal was proper, not merely because defendant's allegations were overcome by the documentary evidence referred to, but on the further ground that defendant's application fails to allege that were it not for counsel's neglect, defendant would have in fact appealed from the judgment.

We hold that, although it was error to decide without a hearing that defendant was advised by counsel of his right to appeal, a hearing was unnecessary here because defendant failed to allege that he in fact wished to appeal and would have taken a timely appeal had he been properly informed of his rights. (*People* v. *Saunders,* 35 A D 2d 591; *People* v. *Greene,* 35 A D 2d 587.) We do not construe *People* v. *Montgomery* (24 N Y 2d 130) to require reinstatement of every defendant's right to appeal upon the bare allegation that defendant was not advised by counsel, or the court, of his right to appeal. It must appear that during the time allowed for taking an appeal defendant disputed the validity of the judgment of conviction but was nevertheless prevented from prosecuting an appeal by reason of ignorance or improper advice as to his rights. (*People* v. *Carlos,* 26 N Y 2d 797; *People* v. *Lucci,* 27 N Y 2d 550; *People* v. *Callaway,* 24 N Y 2d 127.) This is particularly so in cases of a guilty plea, when it is more reasonable to assume, absent allegations to the contrary, that defendant has neither reason nor desire to prosecute an appeal. Relief is not available when a defendant, months or years later, decides it would then be desirable to prosecute an appeal. (*People* v. *Lampkins,* 21 N Y 2d 138; 27 N Y 2d 848.) Accordingly, the order should be affirmed, without prejudice, however, to a further application which is prima facie sufficient either on its face or in conjunction with such documentary material as may be available to the Trial Justice.

Because of the delay which has occurred in this case, viz., the lapse of some five months between the date application was filed and the decision of the County Court, and because of delay and procedural confusion we have observed in similar cases, in part attributable to the growing number of these applications, we outline for the guidance of counsel, petitioners and criminal courts the procedural route to be followed in this area.

The venue for applications is the original trial court (*People*

v. *Wurzler,* 300 N. Y. 344, 345; *People* v. *Gersewitz,* 294 N. Y. 163, 168, cert. den. 326 U. S. 687; see generally *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; Frank, Coram Nobis, § 4.01 [a]; Proposed Crim. Pro. Law, § 440.10, subd. 1, pars. [b], [c], [e], [f], [h]). To avoid unnecessary delay the petitioner should address his original moving papers directly to that court. The validity of applications is predicated on substance rather than form and if it appears that an application or communication has merit the trial court will entertain it as a sufficient application; however, unverified applications should not be considered as adequate to require a hearing and the trial court should promptly so advise applicants. (See *People* v. *Shaw, infra.*)

Whether the initial application is made by an attorney or by the defendant, it would be more expeditious if the movant would forward a copy to the appropriate District Attorney's office. When the court determines that an application is sufficient upon its face, it should so notify the District Attorney. However, if the court determines that the application is insufficient then the relief requested should be denied without a hearing, in which case prior notice to the District Attorney is unnecessary (*People ex rel. Williams* v. *La Vallee,* 19 N Y 2d 238).

Upon being notified by the trial court that the application is sufficient on its face, the District Attorney should forthwith submit any available documentary evidence and/or affidavits which would refute the allegations contained in the application either conclusively or at least so as to narrow the issues (*People* v. *Richetti,* 302 N. Y. 290, 296; *People* v. *Langan,* 303 N. Y. 474, 480; *People* v. *Dishaw,* 28 A D 2d 606, 607; *People* v. *Shaver,* 26 A D 2d 735). If the documentary evidence conclusively refutes the applicant's position, the court should summarily dismiss the application upon the merits *without* a hearing (*People* v. *Savage,* 279 App. Div. 1041; *Matter of Bojinoff* v. *People,* 299 N. Y. 145; *People* v. *Oddo,* 275 App. Div. 816, affd. 300 N. Y. 649, cert. den. 339 U. S. 961; *People* v. *Derrick,* 15 N Y 2d 816, 817; *People* v. *Vellucci,* 13 N Y 2d 665, 666, cert. den. 375 U. S. 868; *People* v. *White,* 309 N. Y. 636, cert. den. 352 U. S. 849). If the meritorious application is not conclusively refuted by documentary evidence, a fact finding hearing must be held by the court, *unless waived* by the People, so as to afford the People a right to cross-examine the applicant and to present evidence tending to disprove the alleged errors.

A defendant is entitled to be represented by counsel at the hearing and the court must assign counsel for such purposes (*People* v. *Monahan,* 17 N Y 2d 310, 312; *People* v. *St. John,* 281 App. Div. 1061). It would seem academic that counsel should not

be assigned for an applicant unless there is a determination that a hearing must be held on the merits of the application (*People v. Brandau,* 19 Misc 2d 879).

If the People do not raise any questions of fact and the trial court determines that the application and its supporting papers are prima facie sufficient, the trial court should, in the absence of a request for a hearing by the People, directly reimpose sentence, *nunc pro tunc.* (See *People v. Hairston,* 10 N Y 2d 92; *People v. Callaway, supra; People v. O'Bryan,* 26 N Y 2d 95.) There is no inherent necessity that a hearing be held in every case or that the defendant be present for any purpose as the reimposition of sentence is merely a procedural device whereby the time to appeal is reinstated.

The elimination of a hearing, where appropriate, will lessen court congestion together with the inherent expense of counsel and other attendant costs of a hearing.

It is imperative that each stage in this procedure be completed without delay. Initial determination of an attack upon the validity of a criminal conviction should be promptly disposed of both in regard to the determination of whether or not the application has merit (sufficiency) and upon the merits after due notice to the People.

The order should be affirmed.

## The Shaw Case

Defendant appeals from an order of the County Court, Albany County, which denied without a hearing a *coram nobis* application to vacate a judgment of conviction rendered upon a plea of guilty.

This case differs from and is stronger than *Ali,* in that defendant's unsworn letter alleges that defendant asked his assigned counsel to appeal the case and was told it was not appealable. The facts here make it more akin to *People v. O'Bryan* (26 N Y 2d 95) and *People v. Lucci* (27 N Y 2d 550) where defendant's request for an appeal was refused by counsel.

The People concede that defendant was not informed of his right to appeal, and also concede that an appeal does lie from a judgment entered on a plea of guilty. However, relying on *People v. Carlos* (26 N Y 2d 797), the People contend that where the judgment is based upon a guilty plea, an allegation that defendant was not informed of his right to appeal, even though uncontroverted, is not sufficient to warrant setting aside a conviction for the purpose of permitting the taking of an appeal and that, in effect, there must, in addition, be allegations that defendant disputed the validity of the judgment of conviction.

440

It appears from the report (p. 798), that the controlling point in *Carlos* was that defendant did not allege ignorance of his right to appeal or attribute his failure to appeal to the absence of advice from counsel, but simply alleged that his assigned counsel failed to inform him of his right to appeal.

The absence of verified allegations of fact requires that the defendant's application be summarily denied. Furthermore, the present record establishes on its face that the defendant was satisfied with his guilty plea and the imposition of a suspended sentence until a later date when the suspended sentence was revoked.

The order should be affirmed, without prejudice, however, to a further application which is prima facie sufficient in conjunction with the documentary evidence to raise issues of fact which would support a right to relief.

HERLIHY, P. J., REYNOLDS, STALEY, JR., COOKE and SWEENEY, JJ., concur.

Orders affirmed.