■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS RIVERA, Appellant.— Order unanimously vacated and petition dismissed. The proceeding in County Court was a nullity because the *coram nobis* application related to an Erie County Supreme Court conviction. (Appeal from order of Erie County Court denying motion to vacate judgment of conviction rendered November 24, 1948.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.

■ EDWARD PIJANOWSKI, Respondent, v. THOMAS E. HUGHSON, Appellant.— Appeal dismissed, without costs, upon stipulation. (Appeal from order of Erie Supreme Court granting motion to restore case to calendar.) Present — Goldman, P. J., Witmer, Gabrielli, Cardamone and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE WEST, Appellant.— Appeal unanimously dismissed, appellant being now deceased. As stated in *People* v. *Mintz* (20 N Y 2d 753, 770) "the entire criminal prosecution has abated by reason of his death". (Appeal from judgment of Erie County Court convicting defendant of robbery, second degree and other charges.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Cardamone, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILTON MENYWEATHER III, Also Known as ROBERT WALKER, Appellant.— Appeal unanimously dismissed, appellant being now deceased. As stated in *People* v. *Mintz* (20 N Y 2d 753, 770) "the entire criminal prosecution has abated by reason of his death". (Appeal from judgment of Erie County Court, convicting defendant of attempted arson, first degree.) Present — Marsh, J. P., Witmer, Moule and Henry, JJ.

■ J. R. WATKINS COMPANY, Appellant, v. JAMES B. HICKOX, Respondent.— Order unanimously modified by granting motion to amend the complaint to plead beginning account balance, and as so modified affirmed, with costs to plaintiff. Memorandum: In its complaint plaintiff alleged that in 1947 defendant entered into a contract with it to purchase certain types of merchandise for retail sale, the agreement to continue indefinitely; that pursuant to the agreement plaintiff sold such merchandise to defendant over a period of many years and defendant made payments on account; and that there is a present balance due to plaintiff from defendant thereon in the sum of $1,004.96 plus interest from July 10, 1959. Defendant entered a general denial. Upon the trial, plaintiff introduced in evidence a partial statement of the running account between the parties, which failed to show a beginning balance due to plaintiff of $1,006.93. Since the amount claimed as now due was only $1,004.96, plaintiff admittedly received payments in excess of the sales to defendant made during the period of the partial statement. Plaintiff moved to amend its complaint to show the starting balance due and to show reduced credits for the period. Plaintiff's contention was that part of the credits were applied to the beginning balance, not alleged, and so the credits to be granted during the period of the statement should be reduced by the amount of such former balance. The error was obvious and the motion to amend downward the credits should have been granted when the motion to reduce the charges was granted. Defendant should not have it both ways. Justice requires that plaintiff be permitted to correct its pleadings to allege the true facts. (Appeal from order of Cattaraugus County Court in action for merchandise sold.) Present — Marsh, J. P., Witmer, Moule and Henry, JJ.