OPINION OF THE COURT
John V. Vaughn, J.
Defendant, having been convicted and sentenced on a plea of guilty to criminal sale of a controlled substance in the third degree, now moves for resentencing pursuant to section 60.09 of the Penal Law which became effective on September 1, 1979. The District Attorney consents to the resentence but requests that it be spared the time and expense involved in having the defendant brought before the court, and that the defendant be sentenced in absentia.
Defendant was initially sentenced to a term of one year to life on April 3, 1979, based upon her plea of guilty to a class A-III felony. The sentence imposed by this court was the *1023 minimum sentence then authorized by law. Under a new amendment to the Penal Law, the defendant is entitled to apply for resentence (Penal Law, § 60.09, subd a). Upon such application, the court may deny the request, or in the case of an A-III felony, grant the relief requested to the extent of setting a new maximum sentence which shall be at least three times the minimum term originally imposed (Penal Law, § 60.09, subd b, pars [i], [iii]).
Although there are no facts in the moving affidavit, the court is in possession of the probation report and recalls the facts of this case. There is no indication that defendant has behaved improperly while in prison. Accordingly, this court is inclined to impose the minimum sentence now authorized by law.
In regard to the People’s request that defendant be sentenced in absentia, the statute is quite clear in stating that a defendant must be personally present at the time sentence is imposed (CPL 380.40, subd 1). Despite this, the courts have carved out exceptions and held that the defendant’s presence is not required where a resentence is merely imposed to extend the time in which to appear (People v Ali, 35 AD2d 435, 439; People v Corso, 46 AD2d 863, revd on other grounds 40 NY2d 578), in the absence of any alteration in the original sentence imposed (People v Clifford, 38 AD2d 952). This practice was in keeping with the judicially established goal of eliminating delay resulting from unneeded hearings (see People v Ganci, 27 NY2d 418, 429), and the due process guidelines that provide that a defendant’s presence is mandated only when it is necessary for a fair and just hearing (see People ex rel. Lupo v Fay, 13 NY2d 253; People v Anderson, 16 NY2d 282, 287).
Although this court is altering the initial sentence, the modification is to the defendant’s benefit and consists of the new minimum sentence now authorized by law. There is nothing the defendant could do or say at any hearing which could further change the court’s decision, and, therefore, there is no reason to require her presence at the resentencing.
Accordingly, the motion to resentence is granted, and the defendant is resentenced to an indefinite term of imprisonment with a minimum term of one year and a maximum term of three years.