OPINION OF THE COURT
Nicholas Colabella, J.
Defendant applies for a certificate of relief from disabilities pursuant to article 23 of the Correction Law with respect to the judgment of this court rendered July 28, 1988, convicting *827 defendant on a plea of guilty for a driving while intoxicated felony. A separate certificate was obtained from the County Court, Rockland County (Nelson, J.) on February 1, 1989, indictment No. 88-77, for a judgment of that court rendered October 4,1988, for a second driving while intoxicated felony.
The Department of Probation opposes the present request, arguing that defendant is not an eligible offender because of the two convictions. Correction Law § 700 (1) (a) defines an "eligible offender” as a "person who has been convicted of a crime or of an offense, but who has not been convicted more than once of a felony.”
Defendant contends he is an eligible offender, despite his two convictions, based on the rule of construction in subdivision (2) (b) of that section, that "[t]wo or more convictions of felonies charged in two or more indictments or informations, filed in the same court prior to entry of judgment under any of them, shall be deemed to be one conviction” (emphasis added). Defendant maintains that, since County and Supreme Courts are both superior courts, they should be considered the "same court” under subdivision (2) (b).
Defendant’s interpretation of subdivision (2) (b) is without merit. Although the County and Supreme Courts have overlapping criminal jurisdiction by virtue of their designation as superior courts (see, CPL 10.10 (2); 10.20), they remain separate judicial entities. The Supreme Court is a single tribunal of general State-wide jurisdiction, rather than an aggregation of separate courts sitting in several counties or judicial districts of the State (NY Const, art VI, § 7; Judiciary Law § 140-b; Matter of Schneider v Aulisi, 307 NY 376, 381). The County Court is limited generally in its jurisdiction to the county in which it is established (NY Const, art VI, § 11; Judiciary Law § 190).
Absent any reference to a superior court in subdivision (2) (b), the phrase, "the same court” must be construed in its natural and obvious sense (Matter of Cortland-Clinton Inc. v New York State Dept. of Health, 59 AD2d 228) — namely, to refer to either the Supreme Court or the County Court, but not to both as one.
This interpretation is buttressed by precedent construing similar language contained in CPL 440.10 (1) and 440.20 (1) regarding postjudgment motions to vacate a judgment or set aside a sentence. Such motions may only be brought in the court where judgment was actually entered. Motions brought *828 in the Supreme or County Courts regarding a judgment of the other have been dismissed for lack of jurisdiction, despite each court being a superior court (People v Rivera, 37 AD2d 799; People v Osuch, 10 AD2d 652; People v Vogel, 8 AD2d 770).
Accordingly, defendant does not qualify as an eligible offender for a certificate of relief from civil disabilities. Application is denied.