■ In the Matter of JEANINE PIRRO, Petitioner, v CAESAR CIRIGLIANO, as Justice of the Supreme Court of the State of New York, et al., Respondents. [641 NYS2d 324] —Proceeding pursuant to CPLR article 78 in the nature of prohibition to enjoin the Honorable Caesar Cirigliano, an acting Justice of

the Supreme Court, Westchester County, from entertaining the motion of the respondent Cesar Ramirez pursuant to CPL 440.10 to vacate a judgment of conviction rendered June 15, 1987, in the County Court, Westchester County (Marasco, J.), under Indictment No. 86-00035.

Upon the petition, the papers filed in support of the proceeding, and the papers filed in opposition and relation thereto, it is

Adjudged that the petition is granted, on the law, without costs or disbursements, and the Honorable Caesar Cirigliano is prohibited from entertaining the motion of the respondent Cesar Ramirez.

CPL 440.10 (1) provides that a motion to vacate a judgment of conviction must be made in the court in which the judgment was entered. The enactment of CPL article 440 codified the common-law writ of error coram nobis (*see, People v Harris,* 109 AD2d 351, 353; *see also, People v Bachert,* 69 NY2d 593, 599). Like a writ of error coram nobis, a motion pursuant to CPL 440.10 is designed to inform the court in which the defendant was tried and convicted of facts dehors the record which would, as a matter of law, impeach the judgment (*see, People v Farrell,* 85 NY2d 60, 68-69; *People v Harris, supra,* at 353; *see also, People v McCullough,* 300 NY 107, 110, *cert denied* 339 US 924; *People v Gersewitz,* 294 NY 163, 168, *cert dismissed* 326 US 687). Consequently, the rule of venue applicable to a writ of error coram nobis (*see, People v Wurzler,* 300 NY 344, 345), applies with equal force to a motion pursuant to CPL 440.10. Therefore, only the court that rendered the respondent Cesar Ramirez's judgment of conviction may entertain his motion to vacate that judgment (*see, People v Ruiz,* 144 Misc 2d 826, 828; *see also, People v Rivera,* 37 AD2d 799; *People v Ali,* 35 AD2d 435; *People v Vogel,* 8 AD2d 770). Accordingly, the Honorable Caesar Cirigliano, as an acting Justice of the Supreme Court, Westchester County, is prohibited from entertaining the motion of the respondent Cesar Ramirez to vacate his judgment of conviction, which was rendered in the County Court, Westchester County. Miller, J. P., Altman, Hart and Friedmann, JJ., concur.