THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES MARTINE, Respondent.— In a *coram nobis* proceeding, order vacating judgment convicting defendant on January 23, 1930, of the crime of robbery in the second degree, on the ground that he did not competently waive his right to counsel, reversed

on the law and the motion denied. Defendant, then eighteen years of age, pleaded guilty on January 16, 1930, to the crime of robbery in the second degree and was sentenced to the reformatory. In 1932 he "took a plea to a misdemeanor on a gun charge" and was given a suspended sentence. In 1938 he pleaded guilty to the crime of robbery in the third degree and was sentenced, as a second offender, to a prison term of from ten to twenty years. By reason of his parole violations his 1930 sentence was not completed until 1945. He is eligible for parole in 1952. In November of 1946, after a hearing in August, 1946, it was adjudged that defendant had been advised of his right to counsel at the time of his 1930 arraignment and his application to vacate his conviction was denied. No right of appeal was then available to him. He made a new application, after a right of appeal was created, which was considered in 1947 and a similar holding ensued. He served a notice of appeal from this latter determination, which appeal was dismissed for lack of prosecution. He then made a new application which was decided in January, 1951, the order thereon incorporating the court's decision, while leaving undisturbed the prior holding that he had been advised of his right to counsel at the time of his 1930 arraignment, held that he had not competently waived his right to counsel. The proof adduced on this last hearing (in 1950) does not differ from that at the hearing of 1946 which was adopted in the 1947 proceeding, the appeal from which was dismissed. In all of his applications, including the present one, defendant's sole claim has been that after the reading of the indictment he was merely asked how he pleaded and that the arraignment terminated upon his plea of guilty in response to that inquiry. On conflicting proof the issue of fact was resolved against defendant in November, 1946, which determination became part of the 1947 proceeding. There is no substantial basis for granting the present application. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.