Dye, J.
The relator instituted this proceeding for a writ of habeas corpus by a petition verified June 4, 1957, claiming that the 40-year-to-life sentence (which is presently being served in Attica Prison) following conviction after trial of the *353 crime of murder, second degree, was illegally imposed in that the clerk of the court failed to call the roll of the jurors following their return into court, as required by section 433 of the Code of Criminal Procedure, and that when the jury was polled only 11 of the 12 answered, thereby producing a procedurally irregular verdict which deprived the court of jurisdiction. Following hearings on that issue, at which the deputy clerk and juror No. 4 testified, the Wyoming County Court found that the jury were all present in the box when polled, that the failure of the minutes to show the polling of the twelfth juror was a stenographic omission and that their verdict of guilty of the crime of murder, second degree, was unanimous. He then made an order, filed December 2, 1957, dismissing the writ and remanding the relator to the respondent’s custody, whereupon the relator filed a notice of appeal dated December 30, 1957, but took no further steps to perfect it. Instead, he moved in the Appellate Division, Fourth Judicial Department, for leave to prosecute his appeal taken from the judgment of conviction entered May 10, 1954, on the original papers and typewritten brief, and for assignment of counsel. The motion was granted and the court, on its own motion, enlarged his time to the March 1958 Term of that court (People v. Baumgart, 13 A D 2d 620). Upon that appeal the defendant attacked the validity of the judgment on the same grounds relied on in the habeas corpus proceeding.
In the Appellate Division the judgment of conviction was unanimously affirmed without opinion (People v. Baumgart, 6 A D 2d 854). This court unanimously affirmed (5 N Y 2d 874), following the granting of leave to appeal by the Chief Judge and the granting by the court of a motion to have the appeal heard on the original record and for assignment of counsel (5 N Y 2d 793). Certiorari was thereafter denied by the United States Supreme Court (359 U. S. 994). The respondent then made a motion to dismiss the dormant appeal which the relator had taken from the order of the Wyoming County Court dismissing his writ of habeas corpus. The relator opposed this motion, notwithstanding that the appeal involved the same question that had been presented and rejected in his prior appeals to the highest appellate courts of the State and nation. At the same time he made a cross motion for an order to have his appeal heard as a “ poor person ” and for inci *354 dental relief without, however, certifying that a good cause existed (Rules Civ. Prac., rule 35; Civ. Prac. Act, §§ 199, 558). The Appellate Division granted the respondent’s motion to dismiss the appeal for failure “ to file and serve the printed papers on appeal, as required by Rule 234 of the Rules of Civil Practice ”, and simultaneously denied relator’s cross motion (11 A D 2d 909), citing People ex rel. Meers v. Martin (4 A D 2d 659, affd. without opinion 4 N T 2d 898).
This appeal is here by permission. The relator contends that in dealing with his motion the court should have applied the principle recently enunciated in a series of cases involving appeals from orders denying relief in post-conviction proceedings coram nobis to the effect that an indigent defendant is not required to show substantial merit before his appeal may be entertained (People v. Borum, 8 N Y 2d 177).
The Borum rule contemplates that an indigent defendant-snail suffer no prejudice by reason of his poverty. However, this does not mean that, whenever the question sought to be reviewed in the post-conviction proceeding has already been passed upon, and this appears either from the moving papers or from the court’s own records, it nonetheless may be prosecuted at public expense.
This is because a court should not be called upon to deal anew with questions it has already decided. If, as here, the claimed error has been finally answered in the highest appellate courts of the State and the United States, nothing can be accomplished by a repeated review of the same question because it is dressed in different procedural garments. One proceeding should suffice to satisfy the right of appeal; it is otherwise when new and really different points are raised.
Although we know from experience that the courts are powerless to prevent a financially able defendant from engaging in a multiplicity of useless court procedures, that affords no very good reason for allowing an indigent defendant to indulge his litigious proclivity at public expense. Under our court system, both State and Federal, an indigent defendant may not be deprived of any fundamental right by reason of his poverty. This indigent appellant has already received “as adequate appellate review as defendants who have money enough to buy transcripts ”. (Griffin v. Illinois, 351 U. S. 12, 19.) Due *355 process and equal protection impose no obligation on the State to accord a purposeless activity a constitutionally protected status.
The order appealed from should be affirmed.