818 F.2d 1
 Al MANCUSO, Plaintiff-Appellant,
v.
Charles SCULLY, Superintendent, Green Haven Correctional
Facility, Robert Abrams, Attorney General of the State of
New York, and Elizabeth Holtzman, District Attorney of Kings
County, Defendants-Appellees.
 No. 1025, Docket 86-2451.
 United States Court of Appeals,
Second Circuit.
 Argued April 23, 1987.
Decided April 30, 1987.
 
 Jane Simkin Smith (Vivian Shevitz, Brooklyn, N.Y., of counsel), for plaintiff-appellant.
 Janet M. Berk (Elizabeth Holtzman, Dist. Atty., Kings County, Barbara B. Underwood, Asst. Dist. Atty., Brooklyn, N.Y., of counsel), for defendants-appellees.
 Before KAUFMAN, MESKILL and MAHONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 In Mancuso v. Harris, 677 F.2d 206 (2d Cir.), cert. denied, 459 U.S. 1019, 103 S.Ct. 382, 74 L.Ed.2d 514 (1982), we held that the jury instructions at petitioner-appellant's New York criminal trial for felony murder did not violate Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Accordingly, we reversed the grant of a writ of habeas corpus by the district court.
 
 
 2
 Thereafter, petitioner-appellant commenced new federal habeas proceedings, contending that: (1) the intervening decision in Francis v. Franklin, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), required reconsideration of the Sandstrom issue; and (2) a jury instruction that permitted the jury to impute the intent of one co-felon to all co-felons was unconstitutional. The district court reached the merits of both issues, and held that both were foreclosed by our prior decision.
 
 
 3
 The second issue, however, has never been exhausted in the state courts. Petitioner-appellant explicitly conceded in his brief to this court on the prior appeal that this issue was unexhausted.[1] There have been no state court proceedings since then. Accordingly, the claim is not ripe for adjudication in the federal courts.
 
 
 4
 Under those circumstances, Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), requires that the entire petition be dismissed without consideration of its merits. See Petrucelli v. Coombe, 735 F.2d 684, 687 (2d Cir.1984).
 
 
 5
 We therefore vacate the decision of the district court and remand with directions to dismiss the petition without prejudice for lack of exhaustion.
 
 
 
 [1]
 Confronted with this fact on oral argument, present counsel for petitioner-appellant took the position that this concession had been erroneous. Assuming without deciding that the question is open to re-examination now, we disagree. Petitioner-appellant's generalized request to the New York Court of Appeals to "clarify the area of 'intent' in a jury charge" was insufficient to fairly present to that court the point sought to be raised here. See generally Daye v. Attorney General, 696 F.2d 186, 191-92 (2d Cir.1982) (en banc)