Al MANCUSO, Petitioner-Appellant,

v.

Charles SCULLY, Superintendent, Green Haven Correctional Facility, Robert Abrams, Attorney General of the State of New York, and Elizabeth Holtzman, District Attorney of Kings County, Respondents-Appellees.

No. 1025, Docket 86–2451.

United States Court of Appeals, Second Circuit.

Argued April 23, 1987.

Remanded April 30, 1987.

Decided after Remand July 27, 1987.

Jane Simkin Smith, Vivian Shevitz, Brooklyn, N.Y., for petitioner-appellant.

Elizabeth Holtzman, Dist. Atty., Kings County, Janet M. Berk, Barbara D. Underwood, Asst. Dist. Atty., Kings County, Brooklyn, N.Y., for respondents-appellees.

Before KAUFMAN, MESKILL and MAHONEY, Circuit Judges.

PER CURIAM:

Mancuso appeals from the order of the United States District Court for the Eastern District of New York, Platt, J., denying his petition for a writ of habeas corpus. In a previous appeal we reversed an order granting habeas corpus relief to Mancuso, *Mancuso v. Harris*, 677 F.2d 206 (2d Cir.), *cert. denied*, 459 U.S. 1019, 103 S.Ct. 382, 74 L.Ed.2d 514 (1982) (*Mancuso I*), holding that the jury instructions in his New York Supreme Court trial for felony murder did not violate *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

Subsequently, Mancuso sought a new writ, requesting reconsideration of our decision in light of *Connecticut v. Johnson*, 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), *Rose v. Clark*, — U.S. —, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), and *Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). Besides repeating the *Sandstrom* claim, Mancuso's petition argued for the first time that the jury was improperly permitted to impute criminal intent to Mancuso if it found that his co-defendants harbored the requisite intent. Judge Platt denied the petition but issued a certificate of probable cause. 28 U.S.C. § 2253. After hearing the appeal, we noted that the imputed intent claim had not been exhausted in the New York courts. We published an opinion vacating Judge Platt's order and remanding to the district court with instructions to dismiss the petition without prejudice for lack of exhaustion under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). *Mancuso v. Scully*, 818 F.2d 1 (2d Cir. 1987). Before the mandate issued, Mancuso abandoned his unexhausted claims and requested reconsideration of our *Mancuso I* decision on his *Sandstrom* claim. We grant the request for reconsideration and now affirm the order of the district court.

Mancuso's felony murder conviction was based on a killing during a burglary. As part of a lengthy and detailed charge, the trial justice instructed the jury:

Everyone is presumed to intend the natural consequences of his act and unless the act is done under circumstances or conditions that might preclude the existence of such intent, you, the jury, have to find, have a right to find the requisite intent from the proven actions of an individual.

*Mancuso I*, 677 F.2d at 207. We examined ameliorative language in other portions of the charge and concluded that "the charge, when viewed as a whole, made it quite clear to the jury that it was to consider *all* of the evidence in the case in deciding whether [Mancuso] possessed the intent necessary to commit the crime of burglary." *Id.* at 211. Unlike the circumstance in *Sandstrom*, Mancuso's specific intent was not the principal issue before the jury, and therefore there was "no 'significant possibility that harm was done.'" *Id.* (quoting *Nelson v. Scully*, 672 F.2d 266, 272 (2d Cir.), *cert. denied*, 456 U.S. 1008, 102 S.Ct. 2301, 73 L.Ed.2d 1304 (1982)).

■ The cases decided since our first review of Mancuso's claim do not require a change in result. *Rose v. Clark* [— U.S. —, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)] decided what the Supreme Court in *Connecticut v. Johnson* [460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983)] was unable to decide: "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the [*Sandstrom*] error was harmless beyond a reasonable doubt." — U.S. at —, 106 S.Ct. at 3105 (citing *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and quoting *Delaware v. Van Arsdall*, 475 U.S. 673, —, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986)). Automatic reversal following *Sandstrom* error is only required if the error was sufficient to produce a fundamentally unfair trial, one in which the basic trial process was aborted. *Clark*, — U.S. at — & n. 6, 106 S.Ct. at 3106 n. 6.

■ Mancuso argues that *Mancuso I* was flawed under *Francis v. Franklin* [471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985)]. We disagree. The question in *Franklin* was whether a reasonable juror could have understood the offending portion of the charge as a mandatory pre-

sumption that shifted to the defendant the burden of persuasion on the element of intent once the state had proved the other elements of the offense charged. In *Mancuso I* we were mindful that lack of intent to commit the predicate act was not the thrust of the defense case. We considered the disputed instructions and found them free of any improper burden-shifting effect on the jury. Our ruling that the disputed instruction was harmless was based on its possible effect on the jury, *see, e.g.,* 677 F.2d at 211 ("We find that the charge, when viewed as a whole, made it quite clear *to the jury* that it was to consider *all* of the evidence in the case in deciding whether the defendant possessed the intent necessary to commit the crime of burglary.") (first emphasis added), as required by *Franklin.* We see no reason to change our decision in *Mancuso I.*

Mancuso's suggestion that the jury may have believed that the disputed portion of the charge required the jury to presume that he intended to kill is incredible in view of the trial court's lengthy and accurate explanation of the legal relationship between felony murder and the underlying felony, burglary, including a detailed discussion of intent. *See, e.g.,* J.App. at 32 (quoting jury charge): "intent to kill need not be established. But, the intent to commit the underlying felony must be established."

Mancuso had a fair trial and his conviction should not be set aside. The order of the district court denying the petition for a writ of habeas corpus is affirmed.