Carlos DeLEON, Petitioner,

v.

Charles SCULLY, Superintendent of Green Haven Correctional Facility, Respondent.

No. 86 Civ. 6341 (PKL).

United States District Court, S.D. New York.

Dec. 2, 1987.

Paul E. Kerson, New York City, for petitioner.

**134**

## ORDER

LEISURE, District Judge:

Pursuant to 28 U.S.C. § 2253 and Fed.R. App.P. 22(b), petitioner has applied for a certificate of probable cause to appeal this Court's Order denying his petition for a writ of habeas corpus. The petitioner claims that his constitutional protection against double jeopardy was violated by a state trial court. He further contends that in his state criminal trial, his guilt was not proven beyond a reasonable doubt, and that the prosecution improperly impeached its own witness after the witness supported petitioner's justification defense. Finally, petitioner claims that the prosecution, in summation, improperly bolstered the testimony of some witnesses while deprecating the evidence presented by others.

On July 23, 1987, this Court adopted, in its entirety, the Report of United States Magistrate James C. Francis IV, on grounds that petitioner had failed to exhaust all available state remedies for his double jeopardy claim.

It is well established that a certificate of probable cause should not properly issue unless the petition is not frivolous and it presents some question deserving appellate review. *See, e.g., Alexander v. Harris,* 595 F.2d 87 (2d Cir.1979) (per curiam). The Supreme Court has explained that "Congress established the requirement that a prisoner obtain a certificate of probable cause to appeal in order to prevent frivolous appeals from delaying the States' ability to impose sentences.... The primary means of separating meritorious from frivolous appeals should be the decision to grant or withhold a certificate of probable cause." *Barefoot v. Estelle,* 463 U.S. 880, 892–93, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 *reh'g denied,* 464 U.S. 874, 104 S.Ct. 209, 78 L.Ed.2d 185 (1983). Thus, petitioner must demonstrate that the issues presented are debatable among reasonable jurists, that a court could resolve the matter in a different manner, or that the questions presented are adequate to deserve

encouragement to proceed further. *Id.* at 893 n. 4, 103 S.Ct. at 3394 n. 4.

Whether the state did indeed deny a federal right of petitioner is an issue that has not yet been decided by this Court. Thus, it is unnecessary to consider whether the claims made in the petition are themselves frivolous. Rather, the only issue petitioner can appeal at this time is whether this Court properly dismissed his petition on the ground that he has failed to exhaust state remedies for his double jeopardy claim; thus, this Court now need only consider whether there is any debatable issue as to whether the petition was properly dismissed on that ground. This Court concludes that no such debatable issue exists for appeal.

■ A petitioner in a habeas corpus proceeding must exhaust all available state remedies for each claim prior to federal review. 28 U.S.C. § 2254(b)(c); *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). The exhaustion doctrine requires that a prisoner seeking to upset his conviction on federal grounds must have given the state courts a fair opportunity to review his federal claim and correct the alleged error. *See Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General of the State of New York,* 696 F.2d 186, 191 (2d Cir.1982) (en banc); *Dean v. Smith,* 753 F.2d 239, 241 (2d Cir.1985). Once petitioner presented his claim to an appropriate state court, and was denied relief, "the petitioner must have utilized all available mechanisms to secure appellate review of the denial of that claim." *Klein v. Harris,* 667 F.2d 274, 282 (2d Cir.1981), *rev'd on other grounds, Daye v. Attorney General,* 696 F.2d at 195. *See also* 28 U.S.C. § 2254(c) (providing that "a[n] applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

In the present case, petitioner has failed to exhaust his double jeopardy claim. The double jeopardy claim was not raised during trial or on direct appeal.[1] The petitioner first raised his double jeopardy claim when he filed a habeas corpus petition in the Dutchess County Court of New York State; that petition was transferred to the Kings County Supreme Court and was converted by that court to a collateral motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law § 440.10(1)(h) ("C.P.L."). The Kings County Supreme Court denied the collateral motion to vacate the judgment, on grounds that double jeopardy was never raised on direct appeal as required by C.P.L. § 440.10(2)(c). *People v. DeLeon*, No. 5636/1981 (N.Y. Supreme Court, Kings County, February 3, 1987).

Petitioner then never appealed the Kings County Supreme Court's denial of the § 440.10 motion. Petitioner does not deny that he failed to make such an appeal; rather, he only argues that it is unlikely that the New York State courts would be willing to entertain such an appeal. Petitioner states in his Memorandum of Law that:

> While it is technically possible for Petitioner herein to appeal the December 1986 Kings County Supreme Court Judgment to the Appellate Division, Second Department, in all probability, the Appellate Division would not entertain the said appeal, upon the grounds that it has already determined this appeal under *People v. DeLeon*, 106 A.D.2d 582 [483 N.Y. S.2d 88] (2d Dept.1984) and that the New York State Court of Appeals denied leave to originally appeal this case further. 64 N.Y.2d 889 (1985). It is extremely unlikely that the Appellate Courts of the State of New York will entertain further

applications for Mr. DeLeon due to the principle enunciated in *People ex rel Baumgart v. Martin*, 9 N.Y.2d 351 [214 N.Y.S.2d 370, 174 N.E.2d 475] (1961). In *Baumgard* [*Baumgart*] the Court of Appeals said "if, as here, the claimed error has been finally answered in the highest Appellate Courts of the State and the United States, nothing can be accomplished by a repeated review of the same question because it is dressed in different procedural garments."

Petitioner's Memorandum of Law at 4–5.

However, the fact "that the state court may well reject a particular argument [does] not constitute cause for failing to make the argument." *Roman v. Abrams*, 822 F.2d 214, 223 (2d Cir.1987). Rather, for exhaustion purposes, if collateral relief is denied, petitioner must then employ all the state appellate procedures available for review of that denial. *Hill v. Snow*, 590 F.Supp. 1157, 1159 (S.D.N.Y.1984) (Sprizzo, J.), quoting *Klein v. Harris*, 667 F.2d at 283. Moreover, it is not at all certain that the state appellate courts would refuse to hear petitioner's appeal. Petitioner claims that under the rule of *People ex rel Baumgart v. Martin*, *supra*, the appellate courts will not review a question they have already considered, even if that question is presented in a different procedural context. But as petitioner himself states, "despite the rejection of [petitioner's] double-jeopardy argument by the Dutchess County Court, and the Kings County Supreme Court, it is important to note that this argument was never considered by the Appellate Division, nor by the Court of Appeals." Petitioner's Memorandum of Law at 5.

Magistrate Francis determined that petitioner did indeed exhaust all possible state

1. In order to exhaust state remedies, a petitioner need not give the state court system more than one full opportunity to rule on his claims. *Daye v. Attorney General*, 696 F.2d at 190 n. 3. If a petitioner has presented his claims to the highest state court on direct appeal, he need not also seek state collateral relief. *Id. See also Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct.

407; *Brown v. Allen*, 344 U.S. 443, 448 n. 3, 73 S.Ct. 397, 403 n. 3, 97 L.Ed. 469 (1953). However, where a petitioner has never raised his federal claim on direct appeal in the state courts, he must appeal his denial of collateral relief if the state court system is to have at least "one full opportunity to rule on his claims."

remedies for all of his claims other than the double jeopardy claim. However, where a petition contains both exhausted and unexhausted claims, it is a "mixed petition" and must be dismissed in its entirety. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *Holland v. Scully,* 797 F.2d 57, 64, *cert. denied,* ––– U.S. –––, 107 S.Ct. 237, 93 L.Ed.2d 162 (1986). *See also Mancuso v. Scully,* 818 F.2d 1 (2d Cir.1987) (where one issue not exhausted in the state courts, *"Rose v. Lundy* ... requires that the entire petition be dismissed without consideration of its merits.").

Accordingly, petitioner's application for a certificate of probable cause to appeal is hereby denied.

**SO ORDERED.**