■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL MOONEY, Appellant.— Appeal from an order of the County Court, Kings County, which denied, after a hearing, appellant's motion in the nature of a writ of error *coram nobis* to vacate a judgment of said court, convicting him of murder in the first degree. Order affirmed. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GUSTAV ZURAK, Also Known as ALBERT RINALDO, Appellant.— Appeal from an order of the County Court, Westchester County, denying appellant's second application, in the nature of a writ of error *coram nobis*, to vacate a judgment of said court, rendered on October 20, 1942, convicting him on his plea of guilty of the crime of attempted grand larceny, second degree, and sentencing him to a term of imprisonment of two years and six months to five years as a second felony offender. Order affirmed. After a hearing, appellant's first application was denied, and the order denying the application was affirmed by this court. (*People* v. *Zurak*, 283 App. Div. 747.) Appellant's present papers present no materially new or additional facts or the offer of testimony different from that adduced at the hearing (*People* v. *Welsh*, 285 App. Div. 958), and thus fail to sustain the burden of showing a substantial basis for the present application. (*People* v. *Martine*, 278 App. Div. 966, affd. 303 N. Y. 789.) Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.

■ SADIE ROSENBERG, Respondent, v. SARATOGA SPRINGS AUTHORITY, Appellant.— In an action to recover damages for personal injuries based on the breach of an implied warranty of fitness for use, the appeal is from an order which grants respondent's motion to strike from the answer a separate defense alleging that the cause of action set forth in the complaint is one sounding in tort and that the Court of Claims has exclusive jurisdiction thereof, and which order denies a cross motion to dismiss the complaint on the ground that the Supreme Court does not have jurisdiction of the subject matter of the action. Order reversed, with $10 costs and disbursements, motion to strike out the separate defense denied and cross motion to dismiss the complaint granted, without prejudice to the institution of an action in the Court of Claims. It is our view that a cause of action for personal injuries resulting from the breach of the statutory implied warranty that goods sold for a particular purpose are reasonably fit for that purpose (Personal Property Law, § 96) is one sounding in tort within the purview of section 1306-a of the Public Authorities Law and that the Court of Claims accordingly has exclusive jurisdiction thereof. The courts have uniformly referred to such causes as being based on violation of a statutory duty owing to another and as resting upon a tortious act. (*Blessington* v. *McCrory Stores Corp.*, 305 N. Y. 140; *Greco* v. *Kresge Co.*, 277 N. Y. 26; *Ryan* v. *Progressive Grocery Stores*, 255 N. Y. 388.) In a contract such as this there are in effect duties of a dual nature, some with a consensual basis and others imposed by law on the relationship which the parties have created between themselves; while the breach of the first alone is not necessarily tortious, a breach of the latter is. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.