■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARTIN SOSTRE, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the Supreme Court at Special Term entered in Clinton County, which dismissed a petition for a writ of habeas corpus. The petition and supporting papers indicate that the County Court of Bronx County purportedly accepted relator's plea of guilty to the lesser of two counts of an indictment and, this being ineffective in the absence of a recommendation by the District Attorney (Code Crim. Pro., § 342-a; *Matter of McDonald* v. *Sobel,* 272 App. Div. 455, affd. 297 N. Y. 679), and sentence not having been imposed, that relator withdrew that plea and thereupon pleaded guilty to the major count. Relator's present application is grounded, in part, on his claim of double jeopardy, as to which the application was properly denied (*People ex rel. Grogan* v. *Morhous,* 270 App. Div. 871), and in part on other contentions which have been determined adversely to relator in at least two *coram nobis* proceedings and are not, in any event, cognizable in a habeas corpus proceeding. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.

■ In the Matter of the Claim of ROCCO GUZZO, Respondent, against LEONARD ROSE et al., Appellants, and FIREMEN'S FUND INDEMNITY COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision of Workmen's Compensation Board denying claim for reimbursement under subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant sustained a compensable back strain injury on July 6, 1948. He returned to work on July 12, 1948 and following a report from the board's physician, Dr. Bickle, that claimant was greatly improved and had little or no difficulty with his back doing his regular work, the case was closed on March 19, 1949. There was a recurrence in June, 1950 which incapacitated the claimant for approximately one week, after which he returned to his regular employment. On July 11, 1952, while working for the same employer, he again injured his back and a percentage award was made against the appellant for the 1952 accident and respondent Firemen's Fund Indemnity Company, carrier for the 1948 accident. The appellants' claim for reimbursement was denied inasmuch as the employer did not have knowledge that claimant was suffering from a permanent physical impairment, which was likely to be a hindrance or obstacle to his employment. Claimant testified that following the 1948 accident he was off work for about four days, then light work for about two weeks, then back to his regular job. The employer testified that he gave claimant extra help but he did more or less the same type of work; that while he knew he had a sore back at times, he had no knowledge of any permanent condition. The medical testimony slanted in the direction of a pre-existing condition which caused temporary disability rather than permanency. As to whether the 1948 accident could be interpreted to constitute a permanent back injury of which the employer had knowledge within the meaning of subdivision 8 of section 15 was a question of fact and we find the determination of the board to be final as there was substantial evidence to sustain such findings. Decision of the Workmen's Compensation Board unanimously affirmed, with costs to the respondent Special Disability Fund. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.