Burke, J.
Defendant contests the dismissal of his appeal subsequent to a denial of a motion to appeal as a poor person.
In 1924 at the age of 16, he was convicted upon a plea of guilty of the crime of burglary in the third degree, and is now serving a sentence of 15 years to life, imposed by the "Westchester County Court on April 14, 1941, following his current conviction as a fourth felony offender.
On November 19, 1956 defendant made an application for a writ of error coram nobis alleging that he was not advised of his right to, nor represented by, counsel at the time of his arraignment and sentence in 1924. On April 1, 1958 a hearing was held and the application was denied. Both the original sentencing Judge and the then Assistant District Attorney testified at this hearing.
On June 3, 1958 defendant filed a notice of appeal from the order denying his application for the writ. He subsequently made a motion for an enlargement of time and for leave to *570 appeal as a poor person. His supporting affidavit alleged that he was incarcerated, without funds and unahle to perfect or consummate his appeal or submit a brief because of his poverty. The District Attorney’s opposing affidavit merely denied knowledge of appellant’s financial status and averred that the appeal had no merit.
On March 23, 1959 the Appellate Division granted the motion for enlargement of time but denied, however, the motion for leave to appeal as a poor person. A subsequent letter from the appellant, reiterating that the appeal was dependent upon his being allowed to proceed as a poor person, was treated as a motion for reconsideration of the original motion, and was also denied.
On September 9, 1959 the Appellate Division dismissed the appeal on the oral motion of the District Attorney on the call of the calendar upon the ground that no record has been filed and there was no appearance for the appellant.
Since the controversy now before us necessarily involves appellate procedure for a post-conviction legal proceeding, the merits of the coram nobis proceeding and the appeal below dismissed are obviously not before us. The sole issue to be here decided is whether or not appellant has been accorded the appellate review guaranteed by section 517 of the Code of Criminal Procedure.
Section 517 of the code provides that an appeal may be taken as of right from a judgment of conviction or from an order denying a motion to vacate a judgment of conviction (coram nobis proceeding). The right in either case is equally protected. The statute makes no distinction and it seems that none was intended.
In Griffin v. Illinois (351 U. S. 12, 19) the United States Supreme Court held that once the right to appeal has been granted “ [destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.” Any deprivation of such solely because of poverty is a denial of the United States constitutional guarantee of due process and equal protection. • In the past we have annulled any such interference with appeals from judgments of conviction. (People v. Pitts, 6 N Y 2d 288; People v. Pride, 3 N Y2d 545; People v. Kalan, 2 N Y 2d 278; see, also, People *571 v. Breslin, 4 N Y 2d 73.) Since under section 517 (supra) an appellant’s right to appeal from a coram nobis proceeding is coterminous with his right to appeal from a judgment of conviction, what may be prejudicial in the latter case is no less detrimental in the former case.
In our view, the order appealed from should be reversed. In People v. Pitts (supra), as here, an incarcerated and indigent appellant was denied the right to appeal as a poor person. There too his appeal was subsequently dismissed when neither the record nor brief was filed, and there was no appearance on his behalf. To say that the appellant was given an “ adequate appellate review ”, or that merit was shown to be lacking, solely upon a submission of affidavits on the motion for leave to appeal as a poor person, ignores completely the fact that the appellant was denied the means (e.g., a record or attorney) necessary to present the case to an appellate court.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to that court for further proceedings in accordance with the opinion herein.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Foster concur.
Order reversed, etc.