**Application of Martin SOSTRE for a Writ of Habeas Corpus.**
**Civ. No. 8969.**

United States District Court
W. D. New York.
Dec. 5, 1960.

Martin Sostre pro se.

HENDERSON, District Judge.

Application to proceed in forma pauperis granted.

Petitioner was indicted in the Bronx County Court on two counts of narcotics violations under separate subdivisions of section 1751 of the Penal Law, McKinney's Consol.Laws, c. 40. On October 31, 1952, he pleaded guilty to the lesser count, carrying a maximum sentence of ten years. One week later, he was again brought into court and informed that the prior plea was ineffectual since the District Attorney had not given his written consent to the acceptance of a plea and that the District Attorney would not give such consent.[1] The petitioner thereupon entered a plea to the major count and was subsequently sentenced to a term of 6 to 12 years. Representatives of the District Attorney's office were present on both occasions, as was defendant's counsel.

Petitioner contends that his plea to the major count was induced by "fraud, coercion and misrepresentation" by the District Attorney and that he was placed in double jeopardy.

Petitioner has followed three separate courses in presenting his contentions to the state courts prior to this application.

---

1. Section 342-a of the Code of Criminal Procedure requires that the district attorney file a written statement setting forth reasons for recommending the acceptance of a plea of guilty to a lesser offense.

*First,* in 1956, he prosecuted an application for a writ of error coram nobis on the grounds of "fraud, trickery, coercion and misrepresentation." After denial of his application without a hearing in the trial court, he applied to the Appellate Division, First Department, for permission to appeal in forma pauperis, which application was denied. His appeal was later dismissed for failure to prosecute. No application was made to the state's Court of Appeals or to the United States Supreme Court from this dismissal.

*Second,* in January, 1958, petitioner again applied to the trial court for coram nobis relief on the same grounds. This application was also denied without a hearing, and no appeal was taken.

*Third,* between March 31, 1958 and October 12, 1959, petitioner unsuccessfully prosecuted a habeas corpus application through the proper state courts and into the Supreme Court on application for certiorari, which was denied. This application presented the same grounds as the prior coram nobis applications, in addition to his claim of double jeopardy which he raised for the first time.

■ Petitioner has not exhausted his regular state remedies as required by Title 28 U.S.Code, Section 2254, and the merits of his application are therefore not properly before the court at this time.

■ Even though it may not have been necessary for him to apply to the New York Court of Appeals from the 1956 dismissal by the Appellate Division [see United States ex rel. Cuomo v. Fay, 1958, 257 F.2d 438, 441; but see People v. Wilson, 1960, 7 N.Y.2d 568, 200 N.Y. S.2d 40], an application to the Supreme Court for writ of certiorari was required. Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

■ Petitioner's habeas corpus application in 1958 and 1959, his only other application to reach appeal status, did not exhaust his state remedies as to any of the claims raised therein since, as pointed out by the petitioner (page 7 of his application) and as stated in the memorandum decision of the Appellate Division [People ex rel. Sostre v. Jackson, 3rd Dept. 1959, 8 A.D.2d 557, 183 N.Y.S.2d 471], his claims could not properly be heard in a habeas corpus proceeding. Since the claims were presented to the state courts by an improper procedure and not actually considered on the merits, the requirement of exhaustion was not satisfied. United States ex rel. Cuomo v. Fay, supra.

■ Furthermore, since 1956, the New York Court of Appeals has made clear the right of an indigent applicant for a post-conviction remedy to have appeal in forma pauperis. People v. Wilson, supra. Thus, whereas petitioner received no appellate consideration of the merits of his claims in his coram nobis application, he now would be clearly entitled to such consideration from an adverse decision of a similar coram nobis application. Bearing in mind the delicate balance of state and federal power which the doctrine of exhaustion of state remedies seeks to preserve, the state courts should again, in view of the new state of the law on this point, be given an opportunity to consider petitioner's claims in an appropriate proceeding.[2]

Petition for writ of habeas corpus denied. So ordered.

2. It may be that the state courts will decline to consider petitioner's claims further because of the repetitiousness of his applications. See People v. Zurak, 2d Dept. 1956, 1 A.D.2d 832, 148 N.Y.S. 2d 321. However, the new rule with respect to petitioner's right to appeal as a poor person may be a circumstance inducing the state court to again take his case under advisement. See People ex rel. Sedlak v. Foster, 1949, 299 N.Y. 291, 86 N.E.2d 752, suggesting that possibility where a statutory right of appeal had been created after the denial of relator's coram nobis application. Should it develop that the state courts will not receive petitioner's coram nobis claims, either through reargument in his original coram nobis proceeding before the Appellate Division, First Department or by way of a new application for coram nobis, petitioner may again present his application for habeas corpus to this court, referring to the contents of his present petition.