THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARLOS RODRIGUEZ, Appellant, *v.* J. EDWIN LA VALLEE, as. Warden of Clinton Prison, et al., Respondents.

Third Department, May 26, 1966.

*Robert Siegel* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Edwin R. Oberwager* of counsel), for respondents.

*Per Curiam.* Appeal is taken from a judgment of the Supreme Court which dismissed a writ of habeas corpus, after a hearing at which relator, an inmate of Clinton Prison, requested and was denied assignment of counsel to represent him.

The recent decisions of the Court of Appeals in cases closely parallel to this make it abundantly clear that relator's request must be granted; and that at any hearing directed to be held upon the return of a writ of habeas corpus, issued upon the application of an indigent prisoner seeking to be released from custody, the prisoner shall be entitled, upon request, to the assignment of counsel to represent him upon such hearing. (*People* v. *Hughes,* 15 N Y 2d 172; *People ex rel. Rogers* v. *Stanley,* 17 N Y 2d 256; *People* v. *Monahan,* 17 N Y 2d 310.)

In such cases, the distinction suggested by respondents between a habeas corpus proceeding, in form a civil remedy, and a criminal action, including an application therein in the nature of a writ of error *coram nobis*, is, in this area of the law, no longer determinative, as *Hughes* and *Rogers* make clear.

We decide nothing beyond the necessities of this case, in which, as has been noted, a request for the assignment of counsel was made and denied.

The judgment should be reversed, on the law, without costs, and proceeding remitted to Special Term for rehearing, after assignment of counsel to represent relator thereat.

REYNOLDS, J. (dissenting). There is no decision holding that an indigent party is entitled to counsel in habeas corpus below the appellate level. The Court of Appeals has consistently refused in these civil proceedings to so hold. In my view, if this step is to be taken, that court should take it. (*People ex rel. Simpkins* v. *Director of Pilgrim State Hosp.*, 22 A D 2d 699; *Dillon* v. *United States*, 307 F. 2d 445, 446; *United States ex rel. Wissenfeld* v. *Wilkins*, 281 F. 2d 707.)

GIBSON, P. J., HERLIHY, TAYLOR and AULISI, JJ., concur in *Per Curiam* opinion; REYNOLDS, J., dissents and votes to affirm in a memorandum.

Judgment reversed, on the law, without costs, and proceeding remitted to Special Term for rehearing, after assignment of counsel to represent relator thereat.