■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NATHANIEL WASHINGTON, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— STALEY, JR., J. Appeals (1) from a judgment of the Supreme Court, entered September 19, 1969 in Clinton County, which denied a writ of habeas corpus, after a hearing, and (2) from an order, entered September 12, 1969, which denied an application for a rehearing of the writ of habeas corpus. On June 29, 1949 appellant was sentenced to five years for assault, second degree, and committed to the Elmira Reformatory where he remained until July 25, 1951 when he was paroled. On October 20, 1952, while on parole, appellant was arrested on a homicide charge, and thereafter he pleaded guilty to the crime of manslaughter, first degree, and was sentenced as a second felony offender on June 22, 1953 to a term of not less than 18 or more than 40. The Department of Correction directed that, prior to the commencement of the manslaughter sentence, appellant must serve the remainder of his first sentence, which period expired on February 5, 1955. In 1967, on an application for a writ of error *coram nobis* the sentence imposed for the crime of manslaughter, first degree, and the plea of guilty was vacated, and appellant was arraigned for resentence and was sentenced as a second felony offender for a term of 15 to 25 years *nunc pro tunc* as of June 22, 1953. Appellant contends that the resentence *nunc pro tunc* as of June 22, 1953 included the time that he had remaining on the sentence he received on his 1949 conviction, thus making the balance of sentence for his 1949 conviction run concurrently with the resentence on his 1953 conviction. Section 219 of the Correction Law provides that, if a person is convicted of a crime while on parole, in addition to the sentence imposed for such crime, and before beginning to serve such sentence, he may be compelled to serve the portion remaining of the maximum term of the sentence on which he was released on parole. This section precludes the crediting of the time requested by appellant, and he will thus become eligible for "conditional release" on January 26, 1971 rather than June 20, 1969 as contended by him. Habeas corpus is available only when a right to discharge is shown. (*People ex rel. Jackson* v. *Morhous*, 286 App. Div. 939.) Appellant's application for a writ of habeas corpus is based upon his contention that he has a right to parole. The granting or denial of parole is solely within the discretion of the Board of Parole, and its discretion is not subject to judicial review as long as the applicable statutory requirements are met. (*Matter of Briguglio* v. *New York State Bd. of Parole*, 24 N Y 2d 21.) Since appellant has not served the full term of his sentence, and since parole is discretionary with the Board of Parole, he is not being illegally detained, and his petition lacked any justiciable basis upon which a writ of habeas corpus could be sustained. Appellant was, therefore, not prejudiced by a denial of his application for a rehearing and the denial of assignment of counsel to represent him. (*People ex rel. Williams* v. *La Vallee*, 19 N Y 2d 238; *People ex rel. Hardeman* v. *McMann*, 26 A D 2d 864.) Judgment and order affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.