850

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK FOSS MCELROY, Appellant.— SWEENEY, J. Appeals from (1) an order of the County Court of Albany County, entered January 16, 1967, denying, after a hearing, an application in the nature of a writ of error *coram nobis*, and (2) an order of the County Court of Albany County, entered July 24, 1967, denying, without a hearing, an application in the nature of a writ of error *coram nobis*. We deal here with two separate appeals, but due to the similarity of questions involved and the fact that each pertains to the same defendant, they are being considered together. On the early morning of February 16, 1950 defendant was arrested for the murder of Terry Perski. Shortly thereafter he was interrogated by the District Attorney and several police officers without the aid of counsel. He was advised that any answers he made might thereafter be used against him, but he was not advised that he was entitled to counsel, nor that he could remain silent. He was later tried and convicted of murder second degree. The confessions were admitted into evidence over objections. The conviction was affirmed on appeal but the voluntariness was not raised. In 1966 this court in reversing the denial of a writ of error *coram nobis*, ordered a hearing on the voluntariness of the confession (*People v. McElroy*, 26 A D 2d 598.) The County Court refused to assign new counsel at defendant's request for the purpose of the hearing. After the hearing the court denied the writ, finding that all of defendant's statements which amounted to confessions were voluntary. Basically, the defendant raises two issues on these appeals. First, he contends that he was not properly represented by counsel at the *coram nobis* hearing because of the hostility he harbored against his assigned counsel. Second, he maintains the confessions were illegally obtained in that he received none of the constitutionality mandated warnings and, therefore, they were not voluntarily given. At the outset it should be pointed out that the defendant does not contend that his counsel was incompetent. In his brief he concedes counsel was not only competent, but vigorously represented him at the hearing. A defendant is entitled to request and receive assigned counsel on a *coram nobis* hearing. (*People v. Monahan*, 17 N Y 2d 310.) This, of course, implies that counsel must be competent to represent the interests of the defendant. The claim here is a novel one. Defendant argues that due to the hostility on his part, the assigned counsel could not properly represent him, because no true attorney-client relationship could exist. Defendant cites no authority for this contention, nor do we find any. The cases cited are readily distinguishable, and we do not interpret them to encompass the granting of relief under the present circumstances. In examining the second issue raised by defendant we must consider the confessions in light of the law as it existed in 1951. At that time there was no obligation on either the District Attorney or the police to advise defendant of his constitutional rights (*People v. Gunner*, 15 N Y 2d 226.) The questioning was not accompanied by beatings, threats, promises or fraud, nor did it extend over a lengthy period of time. In applying the " totality of circumstances " rule to the present case, we find no circumstance which leads us to conclude that the confessions were not voluntarily made. (*People v. Vann*, 25 N Y 2d 753.) Consequently, we conclude the County Court properly denied the writs in each instance. Orders affirmed. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.