**■** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE JOSEPH BOUNDY, Appellant.— In this *coram nobis* proceeding defendant appeals from an order of the Supreme Court, Queens County, dated September 4, 1969, which denied his application to vacate a judgment of the former County Court,

Queens County, rendered April 17, 1959, convicting him of attempted robbery in the third degree, upon his plea of guilty. A later order was made by the same court on October 9, 1969, granting defendant's motion for reargument but adhering to the original decision. Appeal from order of September 4, 1969 dismissed as academic. That order was superseded by the order made on reargument. Order of October 9, 1969, affirmed insofar as it adhered to the original decision. This is the third *coram nobis* proceeding by defendant to set aside the judgment. In his first application, which was denied on October 8, 1959, defendant claimed he pled guilty because an Assistant District Attorney had promised that the sentence to be imposed would run concurrently with another felony sentence under which he was then imprisoned. No claim was then made that he was mentally incompetent when he pled guilty and was sentenced. In his second application, defendant claimed he was mentally incompetent when he pled guilty and when he was sentenced. He also claimed that while at the Kings County Hospital he had been taking seconal, a sedative which affected his competency to understand the plea. After a plenary hearing the application was denied (*People* v. *Boundy*, 35 Misc 2d 1065). In this third application defendant again has claimed he was mentally incompetent when he pled guilty, and that the drug, seconal, which he had been taking as a sedative at that time, contributed to his inability to understand what he was doing; and that he was sentenced without a complete probation report. We agree with Criminal Term that the records in the prior proceedings clearly establish that there is no merit to this third application (cf. *People* v. *Sullivan*, 4 N Y 2d 472; *People* v. *Martine*, 278 App. Div. 966, affd. 303 N. Y. 789). Accordingly, there was no need for a hearing (cf. *People* v. *Tomaselli*, 7 N Y 2d 350). On this appeal defendant contends that counsel should have been assigned to assist in the prosecution of his application. We also find no merit to this contention. He did not request counsel, although he knew such an application was available. Upon his request counsel had been assigned to represent him in prior proceedings and on this appeal. The record also establishes that defendant is knowledgeable in legal procedures. The repetitiveness of this proceeding with defendant's prior proceedings further confirms that assignment of counsel was not called for at Criminal Term (cf. *People ex rel. Williams* v. *La Vallee*, 19 N Y 2d 238, 240, 241). Christ, P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.