757 P.2d 722

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Cheryl A. McROBERTS, Defendant–Appellant.**

**No. 17142.**

Court of Appeals of Idaho.

July 5, 1988.

Cheryl A. McRoberts, pro se.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Cheryl McRoberts stands convicted of forgery. She now appeals from a district court order denying her motion for production, at public expense, of a transcript of her sentencing hearing. Having forgone a direct appeal from her judgment of conviction, McRoberts planned to use the transcript in preparing an application for post-conviction relief. The district judge held that he lacked authority to order a transcript at public expense until McRoberts actually filed an application. Although we agree with this ruling, it presents an overlapping issue concerning the appealability of the order.

Generally, under I.A.R. 11, an appeal may be taken from any final judgment or order. Further, pursuant to I.A.R. 11(c)(9), an appeal may be taken from any order made after judgment "affecting the substantial rights" of a criminal defendant. ■ Here, the order denying a transcript was not a final order disposing of a case. A final and unappealed judgment already had been entered in the criminal prosecution. No new action was pending when the transcript order was entered. Further, we are not persuaded that a substantial right of McRoberts has been affected or lost. The United States Constitution does not require the furnishing of a transcript at public expense to an indigent person in mere anticipation of a collateral attack upon a judgment of conviction. *See United States v. MacCollom,* 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); *State v. Drozd,* 116 Ariz. 330, 569 P.2d 272 (Ariz. App.1977); *State v. McKinney,* 10 Kan. App.2d 459, 701 P.2d 701 (Kan.App.1985); *Cutbirth v. State,* 695 P.2d 156 (Wyo.1985). Nor does Idaho's statutory scheme for post-conviction relief mandate production of transcripts prior to an application being filed.

■ McRoberts is at liberty to file an application for post-conviction relief pursuant to I.C. §§ 19–4901 through 19–4903 and I.C.R. 57. If a need is shown for a transcript, she may then obtain one. The advantage of requiring an application to be filed first is that it enables the district court to determine what transcripts are necessary to resolve any allegations made. It also enables the judge to determine that the relief ultimately sought is available as a matter of law. It would be wasteful to order at public expense a transcript that may have no bearing on the issues.

In summary, although we conclude that the district court was correct, we hold that the order was non-appealable. Accordingly, we dismiss the appeal. No costs awarded.

WALTERS, C.J., and BURNETT, J., concur.