769 P.2d 601

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Paul E. ADAMS, Defendant–Appellant.**

No. 17546.

Court of Appeals of Idaho.

Feb. 27, 1989.

Paul E. Adams, pro se.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

In an earlier appeal, we affirmed Paul Adams' conviction and sentence for robbery. *State v. Adams*, 106 Idaho 309, 678 P.2d 101 (Ct.App.1984). He now appeals from a district court order denying his motion for a copy of his presentence investigation report. Adams requested a copy of the report for use in preparing an application for post-conviction relief. The district court denied Adams' motion, noting that the report had been sealed after Adams' sentencing and that "the motion must be denied." For reasons explained below, we hold that the order denying Adams' motion was not appealable.

Without dispute, the order here is not a "final" judgment or order from which an appeal may be taken. *See* I.A.R. 11. However, pursuant to Rule 11(c)(9) an appeal may be taken from any order made after judgment "affecting the substantial rights" of a criminal defendant. Adams argues on appeal that the denial of access to his presentence investigation report affected his right to obtain post-conviction relief. Thus, the question of appealability turns on whether the order appealed from is one "affecting the substantial rights" of Adams. *Compare State v. McRoberts*, 114 Idaho 459, 757 P.2d 722 (Ct.App.1988).

The preparation, use and disclosure of information in a presentence investigation report is governed by I.C.R. 32. Subject to the exception in paragraph (g), Rule 32 gives a criminal defendant a right of access to his report prior to sentencing. After sentencing, the report shall be sealed by court order and cannot be released to any individual without court authorization.

I.C.R. 32(h). In criminal appeals, however, the presentence report may be forwarded to the Supreme Court as an exhibit to the record. *See* I.A.R. 28(a)(2)L (report automatically forwarded in capital cases); I.A.R. 31(b) (report forwarded only when requested by party or ordered by Supreme Court in noncapital cases). Therefore, following sentencing a defendant does not have an automatic right to a copy of his report; rather, we believe a defendant must demonstrate a genuine need for his report to obtain court authorization for its release.

As noted earlier, Adams' prior appeal from his conviction and sentence was decided in March 1984. He had no action pending in the district court when he filed his motion for a copy of his presentence report from that earlier criminal case. Adams' motion made an unadorned claim that he needed his report to properly challenge alleged inaccuracies contained in it. We hold that this alone is insufficient to show a genuine need for the report. Moreover, objections that certain information in a presentence investigation report is incomplete or inaccurate are to be raised at the sentencing hearing or the objections will be deemed waived. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

Adams has not shown that he has any right to again raise sentencing issues in a post-conviction relief proceeding. Accordingly, he has not shown a genuine need for a copy of his presentence report. We conclude, therefore, that the district court order denying Adams' motion did not affect his "substantial rights" within the meaning of I.A.R. 11(c)(9). Consequently, the order was nonappealable.

Appeal dismissed. No costs or fees awarded.

WALTERS, C.J., and BURNETT, J., concur.