830 P.2d 531

Noel **RODRIGUEZ**, Petitioner–Appellant,

v.

**STATE of Idaho, Respondent.**

No. 19385.

Court of Appeals of Idaho.

May 7, 1992.

Noel Rodriguez, pro se.

Larry EchoHawk, Atty. Gen., Joel D. Horton, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

This is an appeal from an order dismissing an application for post-conviction relief. I.C. §§ 19–4901 to –4911. As a result of plea negotiations, Noel Rodriguez pled guilty to second degree murder and aggravated assault. I.C. §§ 18–4001, –4003(g), –901, and –905. Pursuant to the plea agreement, Rodriguez was sentenced to indeterminate life with a minimum term of confinement of ten years on the murder charge and a concurrent five-year fixed term for the assault charge.

Approximately three years later, Rodriguez simultaneously filed two verified pro se applications for post-conviction relief. I.C. § 19–4902. The "self-made" application alleged that Rodriguez's plea was involuntary. In his "approved form" application, Rodriguez alleged that he had received ineffective assistance of counsel at his trial because of a conflict of interest, poor communication, and counsel's forcing Rodriguez to accept the plea agreement. Rodriguez also alleged that the trial court had erred by not offering him an opportunity to make a statement in mitigation at the sentencing hearing. In both applications, Rodriguez requested appointed counsel.

Rodriguez moved for leave to proceed *in forma pauperis*, which the court granted. Rodriguez also moved the court to order the production of documents and make copies of all hearing transcripts. The court denied this motion when it ordered Rodriguez's application dismissed pursuant to the state's motion for summary disposition. Rodriguez does not directly assert error in the court's order of dismissal. Rather, Rodriguez contends that the court erred by its failure to produce copies of the hearing transcripts and by its failure to appoint counsel to represent him. For the reasons stated below, we vacate the order of dismissal and remand the case.

■ Although Rodriguez does not specifically allege that the district court erred by dismissing his application, we first address *sua sponte*, a threshold issue in this case. The issue on appeal from a dismissal of an application for post-conviction relief is whether the application alleges facts which if true would entitle the applicant to relief. *Whitehawk v. State*, 116 Idaho 831, 780 P.2d 153 (Ct.App.1989). In his "self-made" application, Rodriguez asserted that his guilty plea was involuntary because

neither counsel nor the court had informed him of the mandatory minimum sentence he must serve, and that the court had not informed him of the special parole limitations contained in I.C. § 20–223. A guilty plea may be constitutionally accepted without the court informing a defendant of parole eligibility requirements. *Brooks v. State*, 108 Idaho 855, 702 P.2d 893 (Ct.App. 1985). However, Rodriguez's claim that he had not been informed as to any mandatory minimum sentence he must serve, constitutes an allegation that entitles him to relief. I.C. § 19–4901(a)(1); I.C.R. 11(c); *State v. Hawkins*, 117 Idaho 285, 787 P.2d 271 (1990) (defendant must be made aware of consequences of guilty plea). It is therefore unnecessary to address the allegations contained in his "approved form" post-conviction relief application, and we make no determination as to whether those allegations might also entitle Rodriguez to relief.

In *Smith v. State*, 94 Idaho 469, 491 P.2d 733 (1971),[1] our Supreme Court stated:

> Until the allegations in an application for post-conviction relief are in some manner controverted by the state, they must be deemed to be true, no matter how incredible they may appear to the trial court or to this Court. A motion to dismiss, unsupported by affidavits or depositions, does not controvert the facts alleged in the petition. If, however, the allegations, though uncontroverted, would not entitle the applicant to relief even if proved, it is not error to dismiss the application without affording an evidentiary hearing.

94 Idaho at 472, 491 P.2d at 736 (citations omitted). *See also Parrott v. State*, 117 Idaho 272, 787 P.2d 258 (1990). Because Rodriguez alleges that he was not informed of the mandatory minimum sentence, and the state does not controvert this allegation with portions of the record or an affidavit, the summary dismissal appears improper. *Smith v. State, supra.* However, based upon Rodriguez's pro se documents, we are unable to determine if his allegations have merit, especially without a record of any proceedings of the initial criminal case or an affidavit by the state supporting its motion for summary disposition. The absence of this record cannot be attributed to Rodriguez. I.C. § 19–4906(a) provides that: "[i]f the application is not accompanied by the record of the proceeding challenged therein, the *respondent* shall file with its answer the record or portions thereof that are material to the questions raised in the application." (Emphasis added.) Based upon the record, we must vacate the order of dismissal.

■ We next turn to the specific issues Rodriguez raises in his appeal. Rodriguez contends that the court erred in failing to appoint counsel to represent him in his application for post-conviction relief. In state criminal actions, defendants have the right to counsel at public expense if they cannot afford to pay for their own representation pursuant to statute and the Sixth and Fourteenth Amendments. I.C. §§ 19–852, –853, –1512; *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). However, an application for post-conviction relief is a special proceeding civil in nature and independent from the prior criminal action. *Paradis v. State*, 110 Idaho 534, 716 P.2d 1306 (1986). There is no Sixth Amendment right to appointed counsel in a collateral attack upon a conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Yet, there is a statutory right to appointed counsel in Idaho. I.C. § 19–4904. In an application for post-conviction relief, where an applicant cannot pay the "expenses of representation . . . a court-appointed attorney *shall* be made available to the applicant. . . ." *Id.* (Emphasis added.)

■ Although the state acknowledges that Rodriguez requested court-appointed counsel in his simultaneously filed applications for post-conviction relief, the state contends that the failure to appoint counsel is invited error. In response to the motion, asking for summary disposition, Rodriguez made a motion for a longer period of time in which to reply to the motion, asking the

---

**1.** *Overruled on other grounds* by *Kraft v. State*, 100 Idaho 671, 603 P.2d 1005 (1979) (as stated in *Baruth v. Gardner*, 110 Idaho 156, 715 P.2d 369 (Ct.App.1986)).

court to grant a stay until he received the transcripts he had requested. Rodriguez requested a sixty-day extension to respond to the state's motion for summary disposition because:

> 2) ... of the limited time available to [sic] the law library, it would be impossible for the petitioner to respond to the motion for summary disposition within the allotted time,
>
> 3) That I have an English comprehension skill level of approximately the 6th grade level and therefore am unable to fully comprehend all court terminology without the assistance of an interpreter. . . .

The state argues that this language in Rodriguez's motion constitutes an acquiescence in or an invitation to the court to omit appointing counsel. However, the cases cited by the state in support of its argument are distinguishable from the facts at hand because in the cited cases, the complainants on appeal had actually requested the rulings below which they challenged before the appellate court. *See State v. Owsley*, 105 Idaho 836, 673 P.2d 436 (1983); *State v. Carper*, 116 Idaho 77, 773 P.2d 1164 (Ct.App.1989); *State v. Griffith*, 110 Idaho 613, 716 P.2d 1385 (Ct.App.1986). Here, Rodriguez had twice requested that counsel be appointed in his "self-made" and "approved form" applications for post-conviction relief, and when none was appointed, he attempted to handle the case pro se. Nothing in the record indicates that Rodriguez requested to proceed without counsel. The course of action taken by Rodriguez does not constitute invited error.

The state also argues that Rodriguez does not have a right to counsel where the allegations in his application are clearly contradicted by the record. The state relies upon this Court's opinion in *State v. McRoberts*, 114 Idaho 459, 757 P.2d 722 (Ct.App.1988), for this proposition. *McRoberts* dealt with the failure to order transcripts, which we discuss below, as it is an issue in this case as well. In *McRoberts*, we stated:

> [t]he advantage of requiring an application to be filed first [before transcripts are ordered] is that it enables the district

court to determine what transcripts are necessary to resolve any allegations made. It also enables the judge to determine that the relief ultimately sought is available as a matter of law.

*Id.* at 460, 757 P.2d at 723. The state contends that this "rule of reason" should be applied to Rodriguez's request for counsel. The state argues that because the district court concluded that Rodriguez's allegations in his application had no merit, Rodriguez was not entitled to appointed counsel. We cannot be persuaded by this reasoning absent an adequate record in which to confirm the district court's conclusion.

Given Rodriguez's English language deficiency and his lack of legal training, appointed counsel may well have aided Rodriguez to prepare an amended application specifically alleging all of the facts necessary to secure an evidentiary hearing, persuade the court to order transcripts, and obtain relief—should such facts exist. It is difficult to determine whether counsel would have aided Rodriguez. Because I.C. § 19–4904 provides for the appointment of counsel to post-conviction relief applicants, Rodriguez actually requested counsel, and the court granted his motion for leave to proceed *in forma pauperis*, we vacate the order of dismissal and remand the case for appointment of counsel.

Next, we address Rodriguez's contention that the court erred in its refusal to prepare transcripts of the proceedings below for Rodriguez's use in his application. We have previously held that an order denying a motion for production of transcripts at public expense is a non-appealable order. *State v. McRoberts, supra.* Citing *McRoberts,* the state contends that because Rodriguez raises the denial of his request for transcripts as an issue on appeal, we should not address the issue. *McRoberts* is inapposite. In that case, no action or appeal was pending when McRoberts requested the transcripts. Accordingly, we held that the order denying the transcripts was non-appealable. Because Rodriguez appeals from the order of dismissal of his post-conviction relief application which is a

final judgment pursuant to I.A.R. 11(a)(1), we will address this issue.

In *McRoberts,* we also concluded that an applicant is not entitled to transcripts prior to the filing of an application, when there is no action pending before the district court, but that they shall be provided only after a need for them has been shown. *Id.* We cannot say whether the district court erred in its refusal to order the transcripts requested by Rodriguez because our record is insufficient. However, because Rodriguez was erroneously denied counsel, we instruct the district court to allow Rodriguez's counsel the opportunity to demonstrate how the transcripts are needed. After the appointment of counsel, Rodriguez should also be given the opportunity to demonstrate the need for an evidentiary hearing.

We vacate the order of dismissal and remand the case for proceedings before the district court consistent with this opinion.

WALTERS, C.J., and SILAK, J., concur.