OPINION OF THE COURT
William F. Mastro, J.
Defendant moves to vacate the conviction on various grounds. Defendant also requests the court appoint counsel on this motion because she lacks funds and is unable to obtain an attorney who will volunteer to assist her. Before addressing the merits, the court addresses assignment of counsel.
The Sixth Amendment to the United States Constitution as *168 applied to the States through the Fourteenth Amendment mandates that States provide indigent defendants with counsel at trial (Gideon v Wainwright, 372 US 335). The Federal Constitution also mandates that States appoint counsel to poor persons for the first appeal as of right (Douglas v California, 372 US 353). However, the Federal Constitution does not require States to appoint an attorney to an indigent individual in discretionary appeals or after the initial appeal (Ross v Moffitt, 417 US 600). The Federal Constitution also does not mandate that States appoint counsel to indigent defendants in collateral proceedings (Pennsylvania v Finley, 481 US 551).
Since CPL 440.10 is a collateral proceeding the Federal Constitution does not mandate that the court assign counsel to defendant (Pennsylvania v Finley, supra).
While the Federal Constitution does not mandate appointment of counsel to indigents, States are free to interpret their own constitutional provisions differently (see, People v Settles, 46 NY2d 154).
Most States that have addressed the State Constitution issue have held that there exists no State constitutional right to counsel in a postconviction motion to vacate a judgment (Mayes v State, 563 So 2d 38, 39 [Ala]; Hertz v State, 755 P2d 406, 407-408 [Alaska]; Howard v Lockhart, 300 Ark 144, 777 SW2d 223; Lozada v Warden, 24 Conn App 723, 591 A2d 1272, 1273-1274, affd 223 Conn 834, 613 A2d 818; People v Demarest, 801 P2d 6, 7 [Colo]; State v Dickens, 602 A2d 95, 98, affd 577 A2d 752 [Del]; Doe v United States, 583 A2d 670, 672 [DC]; Rodriguez v State, 122 Idaho 20, 830 P2d 531, 533; People v Flores, 153 Ill 2d 264, 274, 606 NE2d 1078, 1084; Baum v State, 533 NE2d 1200, 1201 [Ind]; Fuhrmann v State, 433 NW2d 720, 722 [Iowa]; Commonwealth v Stamps, 672 SW2d 336, 339 [Ky]; Neal v State, 422 So 2d 747, 748 [Miss]; Rice v State, 779 SW2d 771, 774 [Mo]; Petition of Martin, 240 Mont 419, 420, 787 P2d 746, 747; State v Stewart, 242 Neb 712, 496 NW2d 524, 529; State v Crowder, 60 Ohio St 3d 151, 152, 573 NE2d 652, 653-654; Commonwealth v Perry, 386 Pa Super 534, 540, 563 A2d 511, 514; State v Garrard, 693 SW2d 921 [Tenn]; In re Chapman, 155 Vt 163, 581 A2d 1041, 1043). While not constitutionally mandated, a majority of these States have statutory authority or rules regarding appointment of counsel in postconviction motions instituted by indigent persons (see, cases above). Florida (Brevard County Bd. of County Commrs. v Moxley, 526 So 2d 1023, 1026) and California (People v Shipman, 62 Cal 2d 226, 232, 42 Cal Rptr 1, 5, 397 P2d 993, *169 997; contra, People v Fowler, 175 Cal App 2d 808, 346 P2d 792, 794, cert denied 363 US 849) appear (although it is somewhat unclear) to require under their State Constitutions the appointment of counsel to poor individuals on postconviction motions where the moving papers indicate that the motion is not "frivolous”.
New York does not appear to have addressed the State Constitution issue of the right of an indigent to counsel on a motion to vacate a judgment. In determining whether or not a State constitutional right differs from the Federal Constitution, courts examine "interpretive” and "noninterpretive” factors (see, People v P. J Video, 68 NY2d 296, 302-303, cert denied 497 US 1091). Interpretive factors focus on "differences in the text, structure, or historical underpinning” of the State and Federal Constitutions (People v Alvarez, 70 NY2d 375, 378). Noninterpretive factors include, but are not limited to, a perception of a sound policy and fairness, historical protections in New York, and whether the right is of local concern (supra, at 378-379). Balanced against these concerns are "practical considerations”, the need for uniformity and "bright line[s]” (supra, at 379).
A textual analysis of article I, § 6 of the New York Constitution indicates that "[i]n any trial in any court” (emphasis added) defendant has a right to "appear and defend” with counsel. The meaning of the word " 'trial’ ” in the State Constitution must be determined in light of the particular purpose of the particular right (People v Anderson, 16 NY2d 282, 288). For example, for the purpose of the New York State constitutional right to be present, the word trial includes suppression hearings (supra). In contrast, the New York State constitutional right to compulsory process at "trial” does not include suppression hearings (People v Chipp, 75 NY2d 327, cert denied 498 US 833).
Nonetheless, it appears that the trial "terminates” with a jury verdict (CPL 1.20 [11]), and a judgment is entered upon sentencing (CPL 1.20 [15]). It appears from a textual analysis that the New York State Constitution would not include postjudgment motions as part of the "trial”.
Historically, New York’s right to counsel has developed independent of the Federal Constitution (see, People v Hobson, 39 NY2d 479). The right to counsel in New York antedates the Federal right (People v Witenski, 15 NY2d 392, 396-397), and is much broader than the Federal equivalent (see, People v *170 Settles, 64 NY2d 154, supra; People v Samuels, 49 NY2d 218; People v Rogers, 48 NY2d 167).
Nonetheless, historically, the New York right to counsel has consistently not been extended to postconviction matters (see, e.g., People v Robles, 72 NY2d 689; Matter of Jose D., 66 NY2d 638; People v Colwell, 65 NY2d 883; People v Lucarano, 61 NY2d 138; People v Stoliker, 94 AD2d 854; cf., People v West, 81 NY2d 370). The postconviction matters where a right to counsel exists, such as appeals as of right, have their genesis in the Federal Constitution not the State Constitution (Douglas v California, 372 US 353, supra; see, People v Hughes, 15 NY2d 172; People v Wilson, 7 NY2d 568, both apparently overruled because of CPL 450.15).
There appears to be no historical basis for the appointment of counsel under the New York State Constitution in a post-judgment motion to vacate.
It appears necessary to balance the imposition of an additional financial burden on the State of providing free counsel against a movant’s statutorily authorized CPL article 440 motion, where appeals are provided for and there exists a presumption of regularity.
The court finds that the New York State Constitution does not mandate appointment of counsel on a postconviction motion.
While the Constitution does not require appointment of counsel for "poor persons”, the court must analyze New York statutes.
CPL 210.15 (2) (c) as is relevant states:
"2. The defendant has a right to the aid of counsel at the arraignment and at every subsequent stage of the action, and, if he appears upon such arraignment without counsel, has the following rights: * * *
"(c) To have counsel assigned by the court in any case where he is financially unable to obtain the same” (emphasis supplied).
Thus, at every "stage of the action” a "financially unable” individual has a statutory right to counsel.
CPL 1.20 (16) reads as follows: "16. 'Criminal action.’ A criminal action (a) commences with the filing of an accusatory instrument against a defendant in a criminal court, as speci *171 tied in subdivision seventeen; (b) includes the filing of all further accusatory instruments directly derived from the initial one, and all proceedings, orders and motions conducted or made by a criminal court in the course of disposing of any such accusatory instrument, or which, regardless of the court in which they occurred or were made, could properly be considered as a part of the record of the case by an appellate court upon an appeal from a judgment of conviction; and (c) terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case” (emphasis supplied).
After sentence the criminal action terminates, and what follows is not a "stage of the action” (Matter of DeBellis v Property Clerk of City of N. Y., 79 NY2d 49, 56; Matter of Darvin M. v Jacobs, 69 NY2d 957, 959).
CPL 210.15 (2) (c) does not apply to CPL article 440 motions.
County Law § 722 (4) as is relevant reads as follows: "4. Representation according to a plan containing a combination of any of the foregoing. Any judge, justice or magistrate in assigning counsel * * * to a defendant when a hearing has been ordered in a proceeding upon a motion, pursuant to article four hundred forty of the criminal procedure law, to vacate a judgment or to set aside a sentence * * * shall assign counsel furnished in accordance with a plan conforming to the requirements of this section; provided, however, that when the county or the city in which a county is wholly contained has not placed in operation a plan conforming to that prescribed in subdivision three or four of this section and the judge, justice or magistrate is satisfied that a conflict of interest prevents the assignment of counsel pursuant to the plan in operation, or when the county or the city in which a county is wholly contained has not placed in operation any plan conforming to that prescribed in this section, the judge, justice or magistrate may assign any attorney in such county or city and, in such event, such attorney shall receive compensation and reimbursement from such county or city” (emphasis added; see also, Judiciary Law § 35).
Under this section a court is authorized to assign an "18-B” attorney when a "hearing” on CPL article 440 is ordered (see, People v James, NYLJ, June 19, 1992, at 22, col 6).
County Law § 722 (also Judiciary Law § 35) was enacted to enable the court to more efficiently exercise its inherent *172 power to assign counsel to indigents, and not as a limitation on that authority (Matter of Stream v Beisheim, 34 AD2d 329, 334).
Courts in New York have had the inherent power to assign counsel to indigent defendants since colonial times (People v Price, 262 NY 410, 412, quoting People ex rel. Acritelli v Grout, 87 App Div 193, affd on prevailing opn below 177 NY 587). The inherent power of the court to assign counsel to indigent persons includes the power to assign counsel with or without compensation (supra; People ex rel. Williams v La Vallee, 19 NY2d 238; People v Monahan, 17 NY2d 310, 313; People v Witenski, 15 NY2d 392, 397-398, supra; People v Wheat, 80 Misc 2d 844). In a "proper” coram nobis petition, a court is mandated, upon request, to exercise its inherent power and assign counsel to financially unable persons (People ex rel. Williams v La Vallee, 19 NY2d, at 240, supra; People v Monahan, 17 NY2d 310, supra). A "proper” case is "where a criminal defendant in his [her] papers suggests a possible basis on the merits, although for lack of counsel’s advice, the presentation is vulnerable” (People ex rel. Williams v La Vallee, 19 NY2d, at 240-241, supra [matters in bracket added]). It is also a "proper” case for appointment of counsel to indigent persons, upon request, where a court orders a hearing on a coram nobis petition (People v Monahan, 17 NY2d 310, supra; People v McElroy, 34 AD2d 850; People ex rel. Rodriguez v La Vallee, 26 AD2d 8; People v St. John, 281 App Div 1061). It is not a "proper” coram nobis mandating assignment of counsel to indigents, upon request, where the petitioner has made multiple applications (People ex rel. Sanchez v Hoke, 132 AD2d 861, 862; People v Boundy, 34 AD2d 829, 830); or where the record conclusively refutes the factual allegations of defendant (People v Boundy, supra; People v Hill, 30 AD2d 976); or where the motion repeats prior adjudicated claims (People ex rel. Baumgart v Martin, 9 NY2d 351, 354, cert denied 368 US 962; People ex rel. Visconti v McMann, 28 AD2d 1012, 1013; People v Scott, 36 AD2d 686); or where the claim is precluded by "well-established principles” (People ex rel. Sanchez v Hoke, 132 AD2d 861, 862, supra; see also, People ex rel. Washington v La Vallee, 34 AD2d 603); or where the allegations of fact are insufficient to warrant appointment of counsel (People ex rel. Diaz v Follette, 29 AD2d 771; see also, People v Brandau, 19 Misc 2d 879).
*173 This court will exercise its inherent power to appoint counsel in a "proper” matter, as previously defined, and will not exercise its inherent power to appoint counsel in an improper case, as defined previously.