# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 45056 & 45057

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 4, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| EZEQUIEL ADAN CAMPOS, aka | ) OPINION AND SHALL NOT |
| EZEQUIEL Z. CAMPOS, | ) BE CITED AS AUTHORITY |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Orders denying post-judgment motions to obtain copies of presentence investigation report and discovery materials, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

In two criminal cases that were consolidated on appeal, Ezequiel Adan Campos, aka Ezequiel Z. Campos, appeals from the district court's orders denying his post-judgment motions to obtain copies of his presentence investigation report (PSI) and other discovery materials associated with his two criminal cases. Campos asserts that the district court erred in concluding that there was no legal authority to grant his motions. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Campos with trafficking in heroin and trafficking in methamphetamine (Docket No. 45056) and possession of a controlled substance (Docket No. 45057). Pursuant to

1

an I.C.R. 11 plea agreement, Campos pled guilty to an amended trafficking charge and to possession of a controlled substance. Also pursuant to the agreement, Campos agreed to waive his right to appeal his judgments and sentences, and the State agreed to dismiss a separate misdemeanor charge. The district court accepted the plea agreement and imposed an aggregate sentence of fifteen years, with three years determinate. Campos did not appeal. Approximately nine months after entry of his judgments of conviction, Campos filed motions for copies of his PSI and other discovery materials from both of his criminal cases, which the district court denied. Campos filed notices of appeal. The Idaho Supreme Court conditionally dismissed Campos's appeals on the basis that they were not from appealable orders as required by I.A.R. 11(c). After receiving Campos's response to the conditional dismissal order, the Idaho Supreme Court withdrew the conditional dismissal order and reinstated Campos's appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, ___ Idaho ___, ____, 429 P.2d 149, 158 (2018).

## III.

## ANALYSIS

Campos argues that the district court erred by denying his motions for copies of his PSI and other discovery materials because the district failed to correctly perceive the issue as one of discretion and, instead, concluded it lacked authority to grant the motion. The State argues that Campos's appeals must be dismissed as this Court is without appellate jurisdiction to review Campos's claims because the district court's orders denying the motions are not appealable. We conclude that we have jurisdiction to consider Campos's appeals and that the district court did not abuse its discretion in denying Campos's motions.

### A. Jurisdiction

Pursuant to I.A.R. 11(c)(9), an appeal may be taken from any post-judgment order that affects the substantial rights of the State or a criminal defendant. Although the Idaho Supreme

2

Court conditionally dismissed Campos's appeals under I.A.R. 11(c)(9), after considering Campos's response to the conditional dismissal order, the Supreme Court withdrew the dismissal and reinstated the appeals prior to assigning them to this Court. Nevertheless, the State argues that Campos's appeals should be dismissed under I.A.R. 11(c)(9). Campos argues that, under *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990), this Court does not have authority to reconsider whether the orders denying his motions are appealable because that question was implicitly resolved by the Supreme Court when it withdrew its order conditionally dismissing Campos's appeals on this same basis. We agree with Campos.

In *Lee*, prior to assigning the appeal to this Court, the Idaho Supreme Court conditionally dismissed the appeal as untimely. *Id.* at 204, 786 P.2d at 595. Lee filed a response to the conditional dismissal order, setting forth the reasons he believed his appeal should not be dismissed as untimely. *Id.* The Supreme Court subsequently withdrew the conditional dismissal order, reinstated Lee's appeal, and assigned the appeal to this Court. *Id.* at 205, 786 P.2d at 596. At the briefing stage, the State argued that Lee's appeal should be dismissed as untimely. *Id.* We concluded that, because the procedural stage of the appeal had already been determined by the Supreme Court in the context of the conditional dismissal order, we had jurisdiction to consider Lee's appeal. *Id.*

*Lee* is distinguishable from this case in that the issue in *Lee* was the timeliness of the appeal based on the mailbox rule. This Court concluded that the Supreme Court implicitly resolved the timeliness issue in Lee's favor by withdrawing the conditional dismissal. In this case, it is less clear that the Supreme Court made a determination that the order denying Campos's motion was appealable under a substantial rights analysis pursuant to I.A.R. 11(c)(9). There is no express finding to that effect in the order reinstating Campos's appeal. While such a finding could potentially be implied based on the fact that the Supreme Court did not dismiss the appeal, such an implication is more difficult than in *Lee* because whether the order affected Campos's substantial rights requires some analysis of the merits of Campos's claims as opposed to a determination of timeliness. Moreover, the order reinstating Campos's appeal incorrectly states that the order of conditional dismissal was based on timeliness when, in fact, it was based on the appealability of the challenged order under I.A.R. 11(c).

As explained below, Campos has failed to show a genuine need for the PSI or other discovery materials. Consequently, it could be said that the order did not affect his substantial rights and is not appealable. *See State v. Adams*, 115 Idaho 724, 769 P.2d 601 (Ct. App. 1989). However, since we have not been expressly asked to overrule or limit *Lee*, we will apply *Lee* and hold that we have jurisdiction to consider the merits of Campos's appeals.

**B.     Motions for PSI and Discovery**

In his motions, Campos requested copies of his PSI and other discovery materials to "seek further litigation" for a "Collateral Review Action." Campos also filed an affidavit in support of his motions in which he implied that he may pursue relief under I.C.R. 35(a). The district court denied the motions, stating:

> There are no matters currently pending in these criminal cases, and the time for appeal has expired. Further, a term of [Campos's] binding Rule 11 plea agreement is that he waived his right to appeal the judgments and his sentences.
>
> [Campos] indicates that he desires to gather information for a collateral challenge to his convictions. However, [Campos] has not demonstrated any applicable court rule or other authority for the relief he now seeks in these two criminal cases. Specifically, there is no authority for discovery and the provision of copies of certain documents in these two closed cases, for which the appeal time has expired.
>
> Although [Campos] refers to a Rule 35(a) Motion to Correct an Illegal Sentence, a review of the court file does not provide any support for such a motion, if that is what [Campos] intended to raise.

Campos argues that the district court abused its discretion by denying his motions, claiming the district court failed to correctly perceive the issue as one of discretion and instead concluded it lacked authority to grant the motions. We disagree.

Idaho Criminal Rule 32(h)(1) provides that, after sentencing, the PSI must be sealed and cannot be opened without a court order authorizing release of the report to a specific agency or individual. Rule 32 does not provide guidance on the standard for releasing a PSI to a defendant after sentencing. However, in *Adams*, 115 Idaho at 725, 769 P.2d at 602, this Court stated that, following sentencing, a defendant does not have an automatic right to a copy of his or her report; rather, the defendant must demonstrate a genuine need for the report in order to obtain court authorization for its release. The Court in *Adams* rejected the defendant's request for his PSI because the defendant had no action pending in district court when he requested the PSI and had

4

only made an unadorned claim that he needed the report to properly challenge alleged inaccuracies in the report. *Id.*

Although the district court did not cite the *Adams* standard in its order denying Campos's motion, it is apparent that the district court considered whether Campos demonstrated a genuine need for the report as required by *Adams*. Application of this standard is reflected in the district court's discussion of the procedural posture of Campos's criminal cases and the district court's observation that Campos had "no matters currently pending" in his criminal cases. Campos has failed to establish the district court did not recognize it had discretion to grant his motions had Campos made the requisite showing.

As to the merits of Campos's request, he argues that he demonstrated a genuine need for the requested materials[1] because he "may" have needed them to demonstrate his sentences are illegal, to seek post-conviction relief, to file a federal habeas petition, or to pursue a legal malpractice action against his original trial counsel. In the context of its jurisdictional argument, the State asserts that Campos failed to show a genuine need for the requested materials because he did not have a post-conviction petition or a Rule 35(a) motion pending when he made his request and because he has failed to explain what information in the PSI would have any bearing on the legality of his sentence or other theoretical post-conviction claim.

We first note that Campos's argument on appeal that he may have needed the requested materials for purposes of post-conviction, federal habeas, or a legal malpractice claim was not presented to the district court. Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). The only clear statement of need for the materials that Campos set forth in his motions and supporting affidavit was his desire to pursue a motion under Rule 35(a). We decline to consider the other unpreserved grounds as to why Campos may need the materials that he has specifically identified for the first time on appeal. Even if considered, Campos presented no

---

[1]    Although Campos's motions requested a copy of his PSI and discovery, his motions did not identify what discovery was requested or why he believed a court order for discovery was necessary. On appeal, Campos incorporates the discovery portion of his motions in his argument, but he only cites the legal standards governing release of the PSI. Because Campos has failed to show error in the denial of his motions, we decline to analyze the distinction between Campos's request for discovery and his request for a copy of his PSI.

evidence of a genuine need for the requested materials for the collateral purposes he has identified on appeal.

Regarding the Rule 35(a) grounds for Campos's request, Campos failed to show a genuine need for the PSI or other discovery materials to support such a motion. Rule 35(a) allows a court to correct a sentence that is illegal from the face of the record. Campos has cited no authority to support a conclusion that the PSI or unidentified discovery materials are part of the record that may be reviewed in considering an illegal sentence claim. An illegal sentence claim under Rule 35(a) must be shown from the face of the record because Rule 35(a) only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). Inquiry into the underlying facts is not appropriate in considering an illegal sentence claim. *Id.* Thus, even assuming Campos was interested in pursuing a Rule 35(a) motion, it would not be appropriate for him to rely on the content in his PSI or discovery in relation to such a motion. Accordingly, Campos's stated basis for acquiring those materials--a Rule 35(a) motion--was insufficient to demonstrate a genuine need for his PSI or other discovery. Campos has failed to show the district court abused its discretion in denying his motions for a copy of his PSI and other discovery.

## IV.
## CONCLUSION

Because the Idaho Supreme Court withdrew its conditional dismissal order and reinstated Campos's appeals before assignment of the appeals to this Court, we decline to dismiss these appeals for lack of jurisdiction. The district court did not abuse its discretion by denying Campos's motions for copies of his PSI and other discovery materials. Therefore, the district court's orders denying Campos's motions for copies of his PSI and other discovery materials are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.

6